## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

---

In re:

HO WAN KWOK, *et al.*,[1]

                Debtors.

---x

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

                Plaintiff,

v.

AVOIDANCE DEFENDANTS

                Defendants.

(caption continues on next page)

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adv. Proc. Nos. 24-05005, 24-05006, 24-05007, 24-05008, 24-05009, 24-05010, 24-05011, 24-05012, 24-05013, 24-05014, 24-05015, 24-05016, 24-05017, 24-05018, 24-05019, 24-05020, 24-05021, 24-05022, 24-05023, 24-05024, 24-05025, 24-05026, 24-05027, 24-05028, 24-05029, 24-05030, 24-05031, 24-05032, 24-05033, 24-05034, 24-05035, 24-05036, 24-05037, 24-05038, 24-05039, 24-05040, 24-05041, 24-05042, 24-05043, 24-05044, 24-05045, 24-05046, 24-05047, 24-05048, 24-05049, 24-05050, 24-05051, 24-05052, 24-05053, 24-05054, 24-05055, 24-05056, 24-05057, 24-05058, 24-05059, 24-05060, 24-05061, 24-05062, 24-05063, 24-05064, 24-05065, 24-05066, 24-05067, 24-05068, 24-05069, 24-05070, 24-05071, 24-05072, 24-05073, 24-05074, 24-05075, 24-05076, 24-05077, 24-05078, 24-05079, 24-05080, 24-05081, 24-05082, 24-05083, 24-05084, 24-05085, 24-05086, 24-05087, 24-05088, 24-05089, 24-05090, 24-05091, 24-05092, 24-05093, 24-05094, 24-05095, 24-05096, 24-05097, 24-05098, 24-05099, 24-05100, 24-05101, 24-05102, 24-05102, 24-05103, 24-05104, 24-05105, 24-05106, 24-05107, 24-05108, 24-05109, 24-

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

05110, 24-05111, 24-05112, 24-05113, 24-05114,
24-05115, 24-05116, 24-05117, 24-05118, 24-
05119, 24-05120, 24-05121, 24-05122, 24-05123,
24-05124, 24-05125, 24-05126, 24-05127, 24-
05128, 24-05129, 24-05130, 24-05131, 24-05132,
24-05133, 24-05134, 24-05135, 24-05136, 24-
05137, 24-05138, 24-05139, 24-05140, 24-05141,
24-05142, 24-05143, 24-05144, 24-05145, 24-
05146, 24-05147, 24-05148, 24-05149, 24-05150,
24-05151, 24-05152, 24-05153, 24-05154, 24-
05155, 24-05156, 24-05157, 24-05158, 24-05159,
24-05160, 24-05161, 24-05162, 24-05163, 24-
05164, 24-05165, 24-05166, 24-05167, 24-05168,
24-05169, 24-05170, 24-05171, 24-05172, 24-
05173, 24-05174, 24-05175, 24-05176, 24-05177,
24-05178, 24-05179, 24-05180, 24-05181, 24-
05182, 24-05183, 24-05184, 24-05185, 24-05186,
24-05187, 24-05188, 24-05189, 24-05190, 24-
05191, 24-05192, 24-05193, 24-05194, 24-05195,
24-05196, 24-05197, 24-05198, 24-05199, 24-
05200, 24-05201, 24-05202, 24-05203, 24-05204,
24-05205, 24-05206, 24-05207, 24-05208, 24-
05209, 24-05210, 24-05211, 24-05212, 24-05213,
24-05214, 24-05215, 24-05216, 24-05217, 24-
05218, 24-05219, 24-05220, 24-05221, 24-05222,
24-05223, 24-05224, 24-05225, 24-05226, 24-
05227, 24-05228, 24-05229, 24-05230, 24-05231,
24-05232, 24-05233, 24-05234, 24-05235, 24-
05236, 24-05237, 24-05238, 24-05239, 24-05240,
24-05241, 24-05242, 24-05243, 24-05244, 24-
05245, 24-05246, 24-05247, 24-05248, 24-05250,
24-05251, 24-05252, 24-05253, 24-05254, 24-
05255, 24-05256, 24-05257, 24-05258, 24-05259,
24-05260, 24-05261, 24-05262, 24-05263, 24-
05264, 24-05265, 24-05266, 24-05267, 24-05268,
24-05269, 24-05270, 24-05271, 24-05272, 24-
05274, 24-05275, 24-05276

-------------------------------------------------------x

**NOTICE OF FILING [SECOND REVISED PROPOSED]**
**AMENDED ORDER APPROVING PROCEDURES**
**APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

**PLEASE TAKE NOTICE** that Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") for the debtor Ho Wan Kwok, filed a *Motion, Pursuant to 11 U.S.C. §§ 105(a) and 363, Federal Rules of Bankruptcy Procedure 7016, 7026, and 9006, and District of Connecticut Local Bankruptcy Rule 7016-1, to Modify Procedures Applicable to Avoidance Claim Adversary Proceedings to Include Procedures for Mediation of Avoidance Actions* (the "Motion") on March 15, 2024, in the Debtor's above-captioned chapter 11 case (the "Chapter 11 Case") and on March 18, 2024, in the Avoidance Actions.[2]

**PLEASE TAKE FURTHER NOTICE** that on March 22, 2024, the Trustee filed a revised proposed order granting the Motion [Main Case ECF No. 3035] (the "Revised Order").

**PLEASE TAKE FURTHER NOTICE** that, since filing the Motion, counsel for the Trustee has been in communication with counsel for certain Avoidance Defendants regarding the Motion, and, on April 11 and 12, 2024, certain Avoidance Defendants filed responses to the Motion [Main Case ECF Nos. 3083, 3087, 3088, 3089, 3090, 3091, 3092, 3093, 3094, 3095, 3096, 3097, 3098] (collectively, the "Responses").

**PLEASE TAKE FURTHER NOTICE** that, having considered the Responses and communications with counsel, the Trustee respectfully submits a revised proposed order granting the Trustee's Motion (the "Second Revised Order"), attached hereto as **Exhibit A**. A redline version of the Second Revised Order marked to show changes from the original proposed order filed with the Motion is attached hereto as **Exhibit B**, and a redline version of the Second Revised Order marked to show changes from the Revised Order is attached hereto as **Exhibit C**. The

---

[2]   Capitalized terms not expressly defined herein adopt the definitions set forth in the Motion.

Trustee will be prepared to address the Second Revised Order and to further address the Responses at the hearing on the Motion scheduled for April 23, 2024.

[*Reminder of page intentionally left blank*]

Dated:     April 22, 2024
           New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

          *and*

    Nicholas A. Bassett *(*admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

          *and*

    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6690
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## Exhibit A

**(Second Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------

In re:

HO WAN KWOK, *et al.*,[1]

           Debtors.

-------------------------------------------------------x

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

           Plaintiff,

v.

AVOIDANCE DEFENDANTS

           Defendants.

(caption continues on next page)

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adv. Proc. Nos. 24-05005, 24-05006, 24-05007, 24-05008, 24-05009, 24-05010, 24-05011, 24-05012, 24-05013, 24-05014, 24-05015, 24-05016, 24-05017, 24-05018, 24-05019, 24-05020, 24-05021, 24-05022, 24-05023, 24-05024, 24-05025, 24-05026, 24-05027, 24-05028, 24-05029, 24-05030, 24-05031, 24-05032, 24-05033, 24-05034, 24-05035, 24-05036, 24-05037, 24-05038, 24-05039, 24-05040, 24-05041, 24-05042, 24-05043, 24-05044, 24-05045, 24-05046, 24-05047, 24-05048, 24-05049, 24-05050, 24-05051, 24-05052, 24-05053, 24-05054, 24-05055, 24-05056, 24-05057, 24-05058, 24-05059, 24-05060, 24-05061, 24-05062, 24-05063, 24-05064, 24-05065, 24-05066, 24-05067, 24-05068, 24-05069, 24-05070, 24-05071, 24-05072, 24-05073, 24-05074, 24-05075, 24-05076, 24-05077, 24-05078, 24-05079, 24-05080, 24-05081, 24-05082, 24-05083, 24-05084, 24-05085, 24-05086, 24-05087, 24-05088, 24-05089, 24-05090, 24-05091, 24-05092, 24-05093, 24-05094, 24-05095, 24-05096, 24-05097, 24-05098, 24-05099, 24-05100, 24-05101, 24-05102, 24-05102, 24-05103, 24-05104, 24-05105, 24-05106, 24-05107, 24-05108, 24-05109, 24-

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

05110, 24-05111, 24-05112, 24-05113, 24-05114,
24-05115, 24-05116, 24-05117, 24-05118, 24-
05119, 24-05120, 24-05121, 24-05122, 24-05123,
24-05124, 24-05125, 24-05126, 24-05127, 24-
05128, 24-05129, 24-05130, 24-05131, 24-05132,
24-05133, 24-05134, 24-05135, 24-05136, 24-
05137, 24-05138, 24-05139, 24-05140, 24-05141,
24-05142, 24-05143, 24-05144, 24-05145, 24-
05146, 24-05147, 24-05148, 24-05149, 24-05150,
24-05151, 24-05152, 24-05153, 24-05154, 24-
05155, 24-05156, 24-05157, 24-05158, 24-05159,
24-05160, 24-05161, 24-05162, 24-05163, 24-
05164, 24-05165, 24-05166, 24-05167, 24-05168,
24-05169, 24-05170, 24-05171, 24-05172, 24-
05173, 24-05174, 24-05175, 24-05176, 24-05177,
24-05178, 24-05179, 24-05180, 24-05181, 24-
05182, 24-05183, 24-05184, 24-05185, 24-05186,
24-05187, 24-05188, 24-05189, 24-05190, 24-
05191, 24-05192, 24-05193, 24-05194, 24-05195,
24-05196, 24-05197, 24-05198, 24-05199, 24-
05200, 24-05201, 24-05202, 24-05203, 24-05204,
24-05205, 24-05206, 24-05207, 24-05208, 24-
05209, 24-05210, 24-05211, 24-05212, 24-05213,
24-05214, 24-05215, 24-05216, 24-05217, 24-
05218, 24-05219, 24-05220, 24-05221, 24-05222,
24-05223, 24-05224, 24-05225, 24-05226, 24-
05227, 24-05228, 24-05229, 24-05230, 24-05231,
24-05232, 24-05233, 24-05234, 24-05235, 24-
05236, 24-05237, 24-05238, 24-05239, 24-05240,
24-05241, 24-05242, 24-05243, 24-05244, 24-
05245, 24-05246, 24-05247, 24-05248, 24-05250,
24-05251, 24-05252, 24-05253, 24-05254, 24-
05255, 24-05256, 24-05257, 24-05258, 24-05259,
24-05260, 24-05261, 24-05262, 24-05263, 24-
05264, 24-05265, 24-05266, 24-05267, 24-05268,
24-05269, 24-05270, 24-05271, 24-05272, 24-
05274, 24-05275, 24-05276

-------------------------------------------------------x

2

**[SECOND REVISED PROPOSED] AMENDED ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to modify the Court's *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 2578] (the "Avoidance Procedures Order") and thereby modifying the Avoidance Action Procedures to provide for the inclusion of certain procedures governing mediation of Avoidance Actions; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court, including a hearing held April 23, 2024; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[2]     Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

2.      The Court hereby orders that the following amended Avoidance Action Procedures shall govern the Avoidance Actions:

a.      The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous claims under applicable state law (the "Avoidance Actions").

b.      Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form substantially similar to that attached hereto as **Exhibit 1** (the "Avoidance Action Procedures Notice").  The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") together with the Summons and Avoidance Complaint pursuant to Bankruptcy Rule 7004.

c.      Motions affecting multiple Avoidance Actions shall be filed in each applicable Avoidance Action and shall use a caption substantially in the form attached hereto as **Exhibit 2**.

d.      To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint").  Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004.  Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

e.      An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days.  Any such stipulation shall be made in writing and the Trustee shall file such stipulation or otherwise shall file a notice of the stipulated extension on the docket in the applicable Avoidance Action.  Notwithstanding anything herein to the contrary:

i.      The claims against Avoidance Defendants set forth on **Exhibit 3-A** attached hereto (the "Stayed Avoidance Claims") shall be stayed pending further

order of the Court.  At such time that the stay of the Stayed Avoidance Claims is lifted, the Court shall determine whether the Stayed Avoidance Claims shall be subject to the Mediation Procedures and set deadlines for Avoidance Defendants in such actions to respond to the Avoidance Complaints.

      ii.      The claims against Avoidance Defendants set forth on **Exhibit 3-B** attached hereto (the "Partially Stayed Avoidance Claims") shall be stayed pending further order of the Court solely as to any legal or factual issues concerning whether ACA Capital Group Ltd, Anton Development Limited, G Club International Limited, G Club Operations LLC, G Fashion, G Fashion Media Group Inc., GFNY Inc., Hamilton Capital Holding Ltd, Himalaya International Clearing Ltd, Leading Shine Limited, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., and Saraca Media Group Inc. were alter-egos of the Debtor and/or whether the property of such entities was property of the Debtor and/or of the Debtor's chapter 11 estate (collectively, the "Stayed Issues").  For the avoidance of doubt, Partially Stayed Avoidance Claims shall proceed to mediation to the extent provided by the Mediation Procedures (as defined herein) as to all issues that are not Stayed Issues, *provided, however*, Stayed Issues may also be mediated on a voluntary basis.

      iii.      Upon the filing of any new Avoidance Action, the Trustee may designate claims in such action to be Stayed Avoidance Claims or Partially Stayed Avoidance Claims by filing a notice of such designation (a "Stay Designation Notice") in the relevant Avoidance Action.  Any Avoidance Defendant wishing to challenge a Stay Designation Notice shall file a response to such notice in the relevant Avoidance Action within seven (7) days of appearing in same, to which the Trustee may reply within fourteen (14) days of the filing of such response.  Any disputes over a Stay Designation Notice shall be determined by the Court.

      f.      In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12, the Trustee shall have sixty (60) days to respond to such motion, *provided, however*, if such a motion is filed with respect to claims that are stayed or with respect to claims that become stayed while such a motion is pending, the Trustee shall have sixty (60) days to respond to such motion following the termination of the stay.  An Avoidance Defendant shall have thirty (30) days to reply to any response by the Trustee to a motion filed pursuant to Civil Rule 12.

      g.      Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference.  To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

h.      As soon as practicable following the Response Date, to the extent that claims in an Avoidance Action are not stayed, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval.  If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order.  If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.  If claims in an Avoidance Action are stayed, the parties as to the stayed claims shall hold the Initial Case Conference as soon as practicable following the termination of the stay and thereafter shall otherwise comply with the foregoing procedure.  Civil Rule 26 (to the extent incorporated by Bankruptcy Rule 7026), District of Connecticut Local Civil Rule 26, and District of Connecticut Local Bankruptcy Rule 7026-1 shall apply to the Avoidance Actions except to the extent that they are expressly modified by this Order or otherwise by order of the Court.  For the avoidance of doubt, the stay effective during Mediation Proceedings shall include all formal discovery but shall not preclude any informal exchange of documents or information on a voluntary basis or as an Assigned Mediator (as defined herein) may direct.

i.      Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown.  Such modification shall be requested by motion filed in the applicable Avoidance Action.

j.      Notwithstanding anything herein to the contrary, the Avoidance Action Procedures shall be subject to the following procedures governing mediation proceedings (the "Mediation Procedures") as to any Avoidance Defendant that was served with process prior to April 4, 2024:  Upon the appearance of any Avoidance Defendant in an Avoidance Action prior to the expiration of such Avoidance Defendant's deadline to respond to the Trustee's Avoidance Complaint, the Trustee's claims against such Avoidance Defendant in such Avoidance Action shall automatically (and without further order) be referred (the "Mediation Referral") to non-binding mediation proceedings (as set forth herein, the "Mediation Proceedings"), *provided, however*, no Mediation Referral shall be deemed to have occurred prior to May 15, 2024.  Upon a Mediation Referral, the claims subject to mediation shall be stayed (including, without limitation, as to such Avoidance Defendant's obligation to respond to the Avoidance Complaint, or, if any such response is filed, as to any obligation of the Trustee to further respond), pending the conclusion of Mediation Proceedings.  If the Avoidance Defendant appears in the Avoidance Action after the Avoidance Defendant's time to respond to the Avoidance Complaint has expired, no Mediation Referral shall occur except upon a written stipulation by the Trustee and such Avoidance Defendant filed in the Avoidance Action or by order of the Court.  For the avoidance of doubt, the staying of claims in an Avoidance Action as to a particular Avoidance Defendant shall not stay claims in the Avoidance Action as to any other Avoidance Defendant, nor shall the staying of claims in a particular Avoidance Action as against an Avoidance Defendant stay any other claims by the Trustee against such Avoidance Defendant outside of such Avoidance Action (whether in other Avoidance Actions or otherwise).  Notwithstanding anything herein to the contrary, no claims by the

6

Trustee against the Avoidance Defendants set forth on the attached **Exhibit 4** shall be subject to a Mediation Referral except upon a stipulation between the Trustee and such Avoidance Defendant or by Order of the Court. To the extent that an Avoidance Defendant was not served with process prior to April 4, 2024, the Trustee may stipulate with such Avoidance Defendant to the application of the Mediation Procedures (with such stipulation to be made in writing and filed in the relevant Avoidance Action), or, following the service of such Avoidance Defendant, the Trustee may file a motion (with notice to the Avoidance Defendant) requesting that the Mediation Procedures apply to such Avoidance Defendant.

k.       United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi") shall oversee all Mediation Proceedings, *provided, however*, mediations shall be conducted by Judge Tancredi or by a mediator from an approved panel of mediators of Avoidance Actions (the "Mediation Panel") if the Trustee determines, in consultation with Judge Tancredi, that it would be beneficial to create such a panel. The members of any Mediation Panel shall be selected by the Trustee in consultation with Judge Tancredi, subject to the Court's approval of the appointment of each such mediator and rates of compensation applicable to same. Such approval shall be requested by the Trustee in the Main Case only by motion filed in accordance with all applicable rules and served on all Avoidance Defendants subject to the Mediation Procedures, and the appointment of a mediator to the Mediation Panel shall become effective upon approval by the Court.

l.       Within fourteen (14) days of any Mediation Referral, the Trustee and the relevant Avoidance Defendant shall jointly contact Judge Tancredi by letter submitted via Judge Tancredi's courtroom deputy briefly (and in a non-argumentative manner) describing the claims at issue and advising regarding their availability to participate in mediation in the following sixty (60) days as well as to whether the mediation session(s) should take place in person or via videoconference. Following receipt of such letter, Judge Tancredi shall assign the Avoidance Action to be mediated by himself or by a member of the Mediation Panel (the "Assigned Mediator") and shall direct that the mediation be conducted in person or via videoconference. Judge Tancredi may order that related Mediation Proceedings (including, where appropriate, where claims are asserted against multiple defendants in a single Avoidance Action) be consolidated.

m.       Alternatively, any Avoidance Defendant that believes that the claims against it should not be subject to mediation may, within fourteen (14) days of the Mediation Referral, file a motion with the Court setting forth good cause to exempt the claims against it from the Mediation Procedures, with notice to the Trustee and Judge Tancredi. No Mediation Proceedings as to such an Avoidance Defendant shall occur pending the Court's determination of such a motion. If the Court grants the motion, the Mediation Proceedings shall be deemed immediately terminated and the Avoidance Defendant shall respond to the Trustee's Avoidance Complaint within thirty (30) days of such termination. If the Court denies the motion, the Trustee and the Avoidance Defendant shall contact Judge Tancredi by letter within fourteen (14) days of such denial pursuant to the procedure set forth in the foregoing paragraph l to obtain an Assigned Mediator.

n.       Upon notification of their assignment, the Assigned Mediator shall determine whether they have any conflicts with respect to the Avoidance Action subject to mediation and, in the event of a conflict, shall abstain from acting in the particular mediation unless such conflict is disclosed to and expressly waived by the Trustee and the Avoidance Defendant. If the Assigned Mediator abstains, Judge Tancredi shall assign an

alternative mediator from the Mediation Panel or shall assign himself to the mediation. If a party to Mediation Proceedings believes that a conflict of interest precludes the service of the Assigned Mediator, such party may seek the assignment of a different Assigned Mediator by letter submitted to Judge Tancredi via his courtroom deputy (with copies to the opposing party and the Assigned Mediator) or by motion filed with the Court within fourteen (14) days of a party's discovery of the basis for seeking such relief. To the extent that a conflict is disclosed by the Assigned Mediator or timely challenged by a party to a Mediation Proceeding, such Mediation Proceeding shall be suspended pending (a) selection by Judge Tancredi of an alternative mediator to serve as the Assigned Mediator, (b) waiver of the conflict, or (c) the denial of any request for reassignment.

      o.    Upon the assignment of the Assigned Mediator, the Trustee and the Avoidance Defendant shall confer with the Assigned Mediator regarding a date for the initial mediation session. The Assigned Mediator shall schedule the mediation to occur within sixty (60) days of assignment, *provided, however*, upon the consent of the parties and the Assigned Mediator, the mediation session may be scheduled on a later date that is within the deadline to complete Mediation Proceedings set forth in ¶ (t) herein. If the mediation is to occur in person, the Assigned Mediator shall also select the location of the mediation, *provided, however*, that, unless otherwise agreed by the parties and the Assigned Mediator, any in-person mediation shall occur only within the District of Connecticut or the New York City metropolitan area at (i) the offices of Trustee's counsel, (ii) a facility of the United States Bankruptcy Court for the District of Connecticut, or (iii) the offices of the Assigned Mediator. The Assigned Mediator shall provide at least twenty-one (21) days' written notice of the first date, time, and place of the mediation (the "<u>Mediation Notice</u>"), which Mediation Notice the Assigned Mediator shall cause to be filed in the relevant Avoidance Action.

      p.    Upon consent of the parties at least seven (7) days prior to any scheduled mediation session, the Assigned Mediator may (at their discretion) reschedule such mediation session. If the Trustee or the relevant Avoidance Defendant seeks to reschedule a mediation session absent the counter-party's or the Assigned Mediator's consent or within seven (7) days prior to the mediation session, such request shall be made by letter to Judge Tancredi via his courtroom deputy and the counter-party and/or Assigned Mediator shall submit any response to Judge Tancredi likewise by letter to his courtroom deputy. Judge Tancredi will then determine whether the mediation session shall be rescheduled and, if the mediation session was scheduled to occur in less than seven (7) days from the date of the request, whether the Assigned Mediator is entitled to compensation and which party(ies) shall be responsible for same.

      q.    All proceedings and writings incident to Mediation Proceedings shall be considered privileged and confidential and subject to all protections of Federal Rule of Evidence 408 and shall not be reported or admitted as evidence for any reason except to prove that a party failed to comply with the Mediation Procedures. No Assigned Mediator nor Judge Tancredi shall be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Assigned Mediator (including their agents, partners, or employees of their respective law firms or organizations) or Judge Tancredi, *provided, however*, subject to Court order, an Assigned Mediator may be called as a witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed

to comply with the Mediation Procedures. Any documents provided to the Assigned Mediator by the parties shall be destroyed within thirty (30) days after the filing of the Mediator's Report unless the Assigned Mediator is otherwise ordered by the Court.

r.       The Assigned Mediator shall preside over any mediation sessions with full authority to determine the nature and order of the parties' presentations, and the rules of evidence shall not apply. The Assigned Mediator may implement additional procedures which are reasonable and practical under the circumstances. The Trustee and any Avoidance Defendant that is party to Mediation Proceedings may communicate *ex-parte* with their Assigned Mediator(s) to the extent that their Assigned Mediator(s) deem appropriate. The Trustee and his counsel may communicate *ex-parte* with Judge Tancredi concerning the implementation of these Mediation Procedures, the selection of mediators to the Mediation Panel, the categorization of Avoidance Actions, and/or any recommendations issued by Judge Tancredi to the Court.

s.       The parties to any Mediation Proceedings shall participate in such proceedings as scheduled and presided over by the Assigned Mediator in good faith and with a view toward reaching a consensual resolution. Mediation sessions shall be attended (either in person or, where permitted, by videoconference) by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as by the Trustee and/or counsel for the Trustee (who must have settlement authority from the Trustee). Assigned Mediators may, in their discretion, request the parties to prepare mediation statements in advance of mediation; unless otherwise instructed by the Assigned Mediator, such mediation statements shall not be shared with the other party to the mediation. The Assigned Mediator may issue further instructions regarding the mediation statements to the parties.

t.       The Assigned Mediator, in the Mediation Notice or in a separate notice that need not be filed, may require the parties to provide to the Assigned Mediator any relevant papers and exhibits, statements of position, and/or settlement proposals. In the Assigned Mediator's discretion, upon notice (which need not be filed), the Assigned Mediator may adjourn a mediation or move a mediation to a different location within those locations authorized by the Mediation Procedures. The Assigned Mediator may also continue a mediation that has been commenced for additional sessions upon the request of the parties to the mediation or if the Assigned Mediator determines that a continuation is in the best interest of the parties, *provided, however*, no Mediation Proceedings shall continue for a period beyond one-hundred-eighty (180) days following the Mediation Referral unless the period to mediate is extended by order of this Court on the request of Judge Tancredi, which request and order shall be filed on the docket in the relevant Avoidance Action. In the event that additional mediation sessions are held beyond the initial mediation session, the Assigned Mediator may, in their discretion, permit that such sessions be held by videoconference.

u.       Unless otherwise agreed or ordered by Judge Tancredi or the Court, the fees and costs of the Assigned Mediator, if any (the "Mediation Fee"), shall be paid equally by the parties to any Mediation Proceedings with the Mediation Fee for the initial mediation session due at least seven (7) days prior to the date such session is scheduled. Upon a showing that the payment of such amounts constitutes a hardship (submitted in writing with notice to all counter-parties to any Mediation Proceedings), Judge Tancredi or the Court may modify the parties' responsibilities for the Mediation Fee, *provided, however*,

such relief shall be sought at least fourteen (14) days before any such Mediation Fee is due to be paid. If such relief is requested from the Court, it shall be requested in writing filed in the relevant Avoidance Action(s), which may be filed under seal, *provided, however*, the Avoidance Defendant shall provide a copy of any such sealed filing to the Trustee. Any response by the Trustee to such a sealed filing may likewise be filed under seal with reciprocal notice to the relevant Avoidance Defendant. The Mediation Fee shall be determined using the rates approved by the Court in connection with the appointment of the members of the Mediation Panel.

v.       Within seven (7) days after the conclusion of the mediation, the Assigned Mediator shall file a report (the "Mediator's Report") in the relevant Avoidance Action indicating whether the parties to the Mediation Proceedings complied with the Mediation Procedures and whether the Mediation Proceedings resulted in a settlement. The Mediator's Report shall not address the substance of mediation discussions or provide details of any settlement that might be reached. In addition, in the case of material noncompliance with the Mediation Procedures, an Assigned Mediator may file an interim report (an "Interim Report") in the relevant Avoidance Action advising the Court of such noncompliance. Where a Mediator's Report or an Interim Report indicates noncompliance with the Mediation Procedures, the Court may (without the filing of a motion by any party) schedule a hearing to consider the appropriateness of sanctions against the noncompliant party. Such sanctions may include, without limitation, assessing costs of the Mediation Proceedings and/or the opposing party's attorneys' fees against the noncompliant party. Additionally, in cases of willful, persistent, or egregious noncompliance, the Court may enter a default judgment or dismissal against the party that failed to comply with the Mediation Procedures. Additionally, if any party to Mediation Proceedings is not attempting to schedule or resolve the mediation in good faith, an opposing party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of mediation. Failure to achieve settlement alone cannot constitute grounds for a finding of "bad faith" or the imposition of sanctions.

w.       If the Mediator's Report indicates that the Mediation Proceedings resulted in a settlement and the settlement requires approval of the Court, the Trustee shall file a motion requesting such approval within thirty (30) days of the issuance of the Mediator's Report. The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Avoidance Defendant, the Official Committee of Unsecured Creditors, and the United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement. Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

x.       If a Mediator's Report does not indicate a full settlement of the claims between the Trustee and the Avoidance Defendant, the deadline to respond to the Trustee's Avoidance Complaint shall be thirty (30) days from the filing of the Mediator's Report.

y.       Members of the Mediation Panel (if any) shall regularly consult with Judge Tancredi concerning the status of Mediation Proceedings to which they are assigned. In addition, to facilitate the mediation process and to minimize any burden on Judge Tancredi, the Trustee shall endeavor, in consultation with Judge Tancredi, to devise categories of

Avoidance Action claims (whether by amounts of transfers, timing of transfers, alter egos at issue, or otherwise). Such categorization shall not have any binding effect on any Avoidance Defendants as relates to the merits of claims or defenses in an Avoidance Action. Judge Tancredi may submit reports to the Court regarding the progress of Mediation Proceedings and any recommendations of Judge Tancredi to promote the efficient administration of the Avoidance Actions. Such reports shall be issued in writing and filed on the docket in the Main Case. Without limitation, these recommendations may include that certain claims in Avoidance Actions and/or certain categories of claims in Avoidance Actions be stayed for a fixed period prior to commencing particular Mediation Proceedings. During the period of such a stay or otherwise, in order to facilitate the exchange of information and to encourage productive negotiations between the Trustee and Avoidance Defendants, Judge Tancredi may schedule informational sessions and/or mediation sessions that include multiple Avoidance Defendants and/or certain categories of Avoidance Defendants. To the extent that Judge Tancredi recommends staying claims in any Avoidance Actions and/or categories of claims in Avoidance Actions, the Trustee (within seven (7) days of the issuance of such recommendations) shall cause notice of same to be filed in the applicable actions, and any Avoidance Defendant impacted by such recommended stay may file a written response in its Avoidance Action(s) within seven (7) days of the filing of notice. Upon a hearing considering Judge Tancredi's recommendations and any timely written response but without need for the filing of a motion, the Court may enter further orders addressing any recommendations issued by Judge Tancredi, including, without limitation, the stay of claims in Avoidance Actions or categories of claims in Avoidance Actions prior to one-on-one mediation.

z.    Notwithstanding anything in the Avoidance Action Procedures to the contrary, these Mediation Procedures may be modified by the Court upon the request of the Trustee or any other party in interest, or as otherwise ordered by the Court (including, without limitation, upon recommendations issued by Judge Tancredi), upon a motion filed in the Main Case only in accordance with any applicable rules, *provided, however*, the revised Mediation Procedures, upon approval, shall be filed in all Avoidance Actions.

3.    Within seven (7) days of the entry of this Order, the Trustee shall file the Avoidance Action Procedures Notice (in the revised form attached hereto as Exhibit 1) in all Avoidance Actions pending as of the entry of this Order.

4.    The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.    To the extent that information in an Avoidance Complaint (or its exhibits) may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to any Avoidance Defendant and its counsel, pursuant to   5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b). This

Order also amends the Protective Order and the P.O. Addendum to permit the Trustee, to the extent provided in the Avoidance Action Procedures, to disclose to any Avoidance Defendant information in an Avoidance Complaint (filed against such defendant) that is designated as highly confidential under the Protective Order or the P.O. Addendum.

6.      Pursuant to District of Connecticut Local Rule of Civil Procedure 5(e), District of Connecticut Local Rule of Bankruptcy Procedure 9077-1, Bankruptcy Rule 9018, and section 107(b) of the Bankruptcy Code, this constitutes an Order of the Court authorizing the sealed filing of Avoidance Complaints and of motions seeking approval of settlements to the extent permitted by the Mediation Procedures.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.      This Order shall be effective immediately upon entry.

**<u>EXHIBIT 1</u>**

**(Form Notice of Applicability of Avoidance Action Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------

In re:                                                  :          Chapter 11

HO WAN KWOK, *et al.*,[1]                                :          Case No. 22-50073 (JAM)

                 Debtors.                     :          (Jointly Administered)

------------------------------------------------------

LUC A. DESPINS, CHAPTER 11                               :
TRUSTEE,                                                 :
                                                        :
                Plaintiff,       :          Adv. Proceeding No. [_____]
                                                        :
v.                                                       :

[NAME OF DEFENDANT]                                      :

                Defendant.       :

------------------------------------------------------

## <u>NOTICE OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES</u>

PLEASE TAKE NOTICE, that the Amended Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings entered by the Bankruptcy Court in the above-captioned chapter 11 case [ECF No. ___] appended hereto as **<u>Exhibit A</u>**, is hereby made applicable to and governs this adversary proceeding.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: _____ \_\_, 2024
New Haven, Connecticut

By:_____
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(*admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(*admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2

## EXHIBIT 2

**(Caption Applicable to Omnibus Filings)**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

---------------------------------------------------------

In re:

HO WAN KWOK, *et al.*,[1]

                 Debtors.

---------------------------------------------------------

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

                 Plaintiff,

v.

AVOIDANCE DEFENDANTS

                 Defendants.

---------------------------------------------------------

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adv. Proc. Nos. 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, and 24-XXXX

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## **EXHIBIT 3-A**

**(Avoidance Claims Subject to Stay)**

| ADV. PROC. NO. | FIRST NAMED DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05008 | Boardwalk Motor Imports LLC |
| Adv. Proc. No. 24-05009 | Mercantile Bank International Corp. |
| Adv. Proc. No. 24-05012 | Ogier |
| Adv. Proc. No. 24-05014 | Pillsbury Winthrop Shaw Pittman LLP |
| Adv. Proc. No. 24-05017 | Post Oak Motors, LLC |
| Adv. Proc. No. 24-05022 | FAM United LLC |
| Adv. Proc. No. 24-05026 | Yieldesta LP |
| Adv. Proc. No. 24-05029 | Great Bowery Inc dba Camilla Lowther Management |
| Adv. Proc. No. 24-05032 | Hugga LLC |
| Adv. Proc. No. 24-05037 | Triple2 Digital LLC |
| Adv. Proc. No. 24-05038 | D4Zero S.R.L. |
| Adv. Proc. No. 24-05041 | CFG Global Limited |
| Adv. Proc. No. 24-05043 | Loro Piana S.P.A. |
| Adv. Proc. No. 24-05045 | The Quinlan Law Firm, LLC |
| Adv. Proc. No. 24-05046 | Janco SRL |
| Adv. Proc. No. 24-05050 | Oro Mont Alpi SRL |
| Adv. Proc. No. 24-05051 | Mindy Wechsler |
| Adv. Proc. No. 24-05052 | MF19 Inc |
| Adv. Proc. No. 24-05068 | Caribe Condado, LLC |
| Adv. Proc. No. 24-05080 | Reinhard Plank S.R.L. |
| Adv. Proc. No. 24-05084 | Tavares Cutting Inc |
| Adv. Proc. No. 24-05087 | Mosaicon Shoes SRL |
| Adv. Proc. No. 24-05088 | Tokyoseiki Co. LTD |
| Adv. Proc. No. 24-05089 | Pellettieri Di Parma SRL |
| Adv. Proc. No. 24-05091 | Shalom B LLC dba Asher Fabric Concepts |
| Adv. Proc. No. 24-05094 | Solazzo Calzature S.R.L. |
| Adv. Proc. No. 24-05095 | SOD Stone Offroad Design GmbH |
| Adv. Proc. No. 24-05096 | 1245 Factory Place, LLC |
| Adv. Proc. No. 24-05097 | Liapull S.R.L. |
| Adv. Proc. No. 24-05099 | American Arbitration Association, Inc. |
| Adv. Proc. No. 24-05104 | Ice24 SRO |
| Adv. Proc. No. 24-05106 | Reach Manufacturing, LLC |
| Adv. Proc. No. 24-05111 | DNM Beauty Distribution |
| Adv. Proc. No. 24-05113 | 1322089 B.C. L.T.D. |
| Adv. Proc. No. 24-05116 | Hilton Management, LLC |
| Adv. Proc. No. 24-05118 | J Tan Jewelry Design, Inc. |
| Adv. Proc. No. 24-05121 | Shaylen Music LLC |
| Adv. Proc. No. 24-05123 | Bestview1 Pty Ltd |
| Adv. Proc. No. 24-05124 | Legends OWO LLC |
| Adv. Proc. No. 24-05127 | Waycap S.P.A. |
| Adv. Proc. No. 24-05129 | Fay Ye |

| Adv. Proc. No. 24-05131 | Lawrence River |
|---|---|
| Adv. Proc. No. 24-05136 | ASAP SRL |
| Adv. Proc. No. 24-05137 | Bellerive Attorneys at Law |
| Adv. Proc. No. 24-05139 | Houston Litstar LLC |
| Adv. Proc. No. 24-05140 | Quinones Law PLLC |
| Adv. Proc. No. 24-05142 | Immobiliara Barbara 2000 SRL |
| Adv. Proc. No. 24-05143 | Dream Projects LLC |
| Adv. Proc. No. 24-05146 | Fortnum Information Security Limited |
| Adv. Proc. No. 24-05148 | Galaxy Ltd |
| Adv. Proc. No. 24-05150 | Jialin Qin |
| Adv. Proc. No. 24-05151 | Li Sho Yo |
| Adv. Proc. No. 24-05153 | Ming Ni |
| Adv. Proc. No. 24-05155 | Hayashi Meiou |
| Adv. Proc. No. 24-05156 | 12476517 Canada Society |
| Adv. Proc. No. 24-05157 | DP Textile & Apparel Inc |
| Adv. Proc. No. 24-05160 | LA International Foundation |
| Adv. Proc. No. 24-05164 | National Sweepstakes Company, LLC |
| Adv. Proc. No. 24-05165 | Oxford Visionary Ltd. |
| Adv. Proc. No. 24-05166 | Chris Lee |
| Adv. Proc. No. 24-05169 | D&D Solutions LLC |
| Adv. Proc. No. 24-05170 | The Gertz File Investigative Reporting Project Inc |
| Adv. Proc. No. 24-05173 | Wenhua Gong |
| Adv. Proc. No. 24-05174 | SGB Packaging |
| Adv. Proc. No. 24-05176 | Luminescence Co Ltd |
| Adv. Proc. No. 24-05177 | Xiaobo He |
| Adv. Proc. No. 24-05180 | Richmond Strategic Advisor |
| Adv. Proc. No. 24-05191 | Deng Qian |
| Adv. Proc. No. 24-05193 | Fiesta Investments Ltd |
| Adv. Proc. No. 24-05195 | Shujuan Milne |
| Adv. Proc. No. 24-05197 | Great Lakes Drone Company |
| Adv. Proc. No. 24-05198 | G-Service LLC |
| Adv. Proc. No. 24-05205 | Marini Pietrantoni Muniz LLC |
| Adv. Proc. No. 24-05210 | Jiayao Gan |
| Adv. Proc. No. 24-05215 | Bradley Staple, dba Staples Building Solutions |
| Adv. Proc. No. 24-05217 | Haisong Peng |
| Adv. Proc. No. 24-05218 | Hou Yuan Chan |
| Adv. Proc. No. 24-05224 | OSC Orbit Services Company LLC |
| Adv. Proc. No. 24-05227 | Tao Zheng |
| Adv. Proc. No. 24-05230 | Cayuse Government Services |
| Adv. Proc. No. 24-05231 | 9 East 40th Street |
| Adv. Proc. No. 24-05232 | Daihao Zhou |
| Adv. Proc. No. 24-05234 | Lyzon Enterprises Corporation |
| Adv. Proc. No. 24-05235 | Halley Chen CPA Professional Corporation |

| | |
|---|---|
| Adv. Proc. No. 24-05236 | Feng Yi |
| Adv. Proc. No. 24-05237 | Qiang Hu |
| Adv. Proc. No. 24-05239 | Jianhai Jiao |
| Adv. Proc. No. 24-05240 | Fengjie Ma |
| Adv. Proc. No. 24-05241 | MZC Financial Inc |
| Adv. Proc. No. 24-05242 | Cotton Craft Textiles Intl Trading |
| Adv. Proc. No. 24-05243 | Ihotry Ltd |
| Adv. Proc. No. 24-05244 | Quick-Equip LLC |
| Adv. Proc. No. 24-05245 | RM Auctions Deutschland GmbH |
| Adv. Proc. No. 24-05245 | Qiang Guo |
| Adv. Proc. No. 24-05246 | WA & HF LLC |
| Adv. Proc. No. 24-05248 | Curiosity Corp. |
| Adv. Proc. No. 24-05248 | Flying Colours Corp |
| Adv. Proc. No. 24-05248 | River Valley Operations LLC |
| Adv. Proc. No. 24-05248 | Supreme SG PTE LTD |
| Adv. Proc. No. 24-05248 | Top California Beach Corporation |
| Adv. Proc. No. 24-05248 | Wang's Realty Management Service Inc |
| Adv. Proc. No. 24-05250 | Scarabaeus Wealth Management AG |
| Adv. Proc. No. 24-05251 | LLC Stz Fund No. 1 |
| Adv. Proc. No. 24-05252 | Gettr USA Inc |
| Adv. Proc. No. 24-05253 | Ivy Capital Advisor Limited |
| Adv. Proc. No. 24-05254 | NAV Consulting Inc |
| Adv. Proc. No. 24-05255 | Ziba Limited |
| Adv. Proc. No. 24-05256 | New Mulberry PTE Ltd |
| Adv. Proc. No. 24-05257 | Mishcon de Reya LLP |
| Adv. Proc. No. 24-05258 | Hogan Lovells International LLP |
| Adv. Proc. No. 24-05259 | Top Target General Trading LLC |
| Adv. Proc. No. 24-05260 | GCP Investment Advisors SL |
| Adv. Proc. No. 24-05261 | Starling Bank Ltd. |
| Adv. Proc. No. 24-05262 | Red Team Partners |
| Adv. Proc. No. 24-05263 | G Club Holdco I LLC |
| Adv. Proc. No. 24-05263 | G Club Three |
| Adv. Proc. No. 24-05263 | HAA Group Pty Ltd |
| Adv. Proc. No. 24-05263 | Mountains of Spices Inc |
| Adv. Proc. No. 24-05263 | Omicron Nutraceutical LLC |
| Adv. Proc. No. 24-05263 | Rosy Acme Ventures Limited |
| Adv. Proc. No. 24-05263 | Hong Kong International Funds Investments Limited |
| Adv. Proc. No. 24-05264 | Smaragdos Mamzeris |
| Adv. Proc. No. 24-05265 | Siu Ming Je |
| Adv. Proc. No. 24-05266 | Gong Jianfen |
| Adv. Proc. No. 24-05267 | Khaled Ashafy |
| Adv. Proc. No. 24-05268 | Pure Global Group Limited |
| Adv. Proc. No. 24-05269 | Himalaya Australia Athena Farm Inc. |

| Adv. Proc. No. 24-05269 | Himalaya Australia PTY Ltd |
|---|---|
| Adv. Proc. No. 24-05269 | Himalaya Boston Mayflower LLC |
| Adv. Proc. No. 24-05269 | Himalaya New World Inc |
| Adv. Proc. No. 24-05269 | Himalaya New York Rock Inc |
| Adv. Proc. No. 24-05269 | Himalaya Shanghai Farm LLC |
| Adv. Proc. No. 24-05269 | Himalaya UK Club |
| Adv. Proc. No. 24-05269 | Himalaya Worldwide SL |
| Adv. Proc. No. 24-05269 | HML Vancouver Sailing Farm Ltd |
| Adv. Proc. No. 24-05269 | Golden Gate Himalaya Farm LLC |
| Adv. Proc. No. 24-05269 | MOS Himalaya Foundation Inc |
| Adv. Proc. No. 24-05269 | UK Himalaya Ltd |
| Adv. Proc. No. 24-05271 | Weihua Li |
| Adv. Proc. No. 24-05271 | Rongrong Li |
| Adv. Proc. No. 24-05271 | Zhang Lin |
| Adv. Proc. No. 24-05271 | Mi Kyung Yang |
| Adv. Proc. No. 24-05271 | Xue Wang |
| Adv. Proc. No. 24-05271 | Yaping Zhang |
| Adv. Proc. No. 24-05271 | Zhixuan Li |
| Adv. Proc. No. 24-05271 | Fanggui Zhu |
| Adv. Proc. No. 24-05271 | Yuechen Lan |
| Adv. Proc. No. 24-05271 | Tian Shu Huang |
| Adv. Proc. No. 24-05271 | Shiying Li |
| Adv. Proc. No. 24-05271 | Cameron Smee |
| Adv. Proc. No. 24-05271 | Roger Smee |
| Adv. Proc. No. 24-05271 | Jianxiao Chen |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Offshore Fund LP |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Onshore Fund LP |
| Adv. Proc. No. 24-05274 | Kin Ming Je |
| Adv. Proc. No. 24-05274 | Sin Ting Rong |
| Adv. Proc. No. 24-05275 | Lamp Capital LLC |
| Adv. Proc. No. 24-05275 | Golden Spring (New York) Ltd |
| Adv. Proc. No. 24-05275 | Greenwich Land LLC |
| Adv. Proc. No. 24-05275 | HCHK Technologies Inc |
| Adv. Proc. No. 24-05275 | HCHK Property Management Inc |
| Adv. Proc. No. 24-05275 | Lexington Property and Staffing Inc |
| Adv. Proc. No. 24-05275 | Leading Shine NY Ltd |
| Adv. Proc. No. 24-05275 | G Club International Limited |
| Adv. Proc. No. 24-05275 | G Club Operations LLC |
| Adv. Proc. No. 24-05275 | G Fashion |
| Adv. Proc. No. 24-05275 | G Fashion Media Group Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Foundation III Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Society IV Inc. |

| | |
|---|---|
| Adv. Proc. No. 24-05275 | GFNY Inc |
| Adv. Proc. No. 24-05275 | Anton Development Limited |
| Adv. Proc. No. 24-05275 | Himalaya International Clearing Ltd |
| Adv. Proc. No. 24-05275 | China Golden Spring Group (Hong Kong) Ltd |
| Adv. Proc. No. 24-05275 | GF Italy LLC |
| Adv. Proc. No. 24-05275 | ACA Capital Group Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Investment Management Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Opportunity Fund SPC |
| Adv. Proc. No. 24-05275 | Hamilton Capital Holding Ltd |
| Adv. Proc. No. 24-05275 | Himalaya Currency Clearing Pty Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Financial Group Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Reserves Ltd |
| Adv. Proc. No. 24-05275 | Hudson Diamond NY LLC |
| Adv. Proc. No. 24-05275 | Saraca Media Group Inc |
| Adv. Proc. No. 24-05275 | G Fashion International Limited |
| Adv. Proc. No. 24-05276 | ZYB Associates, LLC d/b/a Law Offices of Yongbing Zhang |
| Adv. Proc. No. 24-05276 | Yongbing Zhang |

## **EXHIBIT 3-B**

**(Avoidance Claims Subject to Partial Stay)**

| ADV. PROC. NO. | DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05006 | Amazon Web Services |
| Adv. Proc. No. 24-05007 | Blueberry Builders |
| Adv. Proc. No. 24-05011 | E.L.J.M. Consulting LLC |
| Adv. Proc. No. 24-05016 | Imperius International Trad Co Ltd |
| Adv. Proc. No. 24-05019 | Mary Fashion SPA |
| Adv. Proc. No. 24-05021 | Bannon Strategic Advisors Inc |
| Adv. Proc. No. 24-05023 | Studio Cataldi Group SRL |
| Adv. Proc. No. 24-05024 | TT Resources 1 Pty Ltd |
| Adv. Proc. No. 24-05028 | Yuqiang Qin |
| Adv. Proc. No. 24-05028 | Yunfu Jiang |
| Adv. Proc. No. 24-05044 | Teris-Phoenix, LLC |
| Adv. Proc. No. 24-05054 | Style Eyes Inc. d/b/a Ginger Finds |
| Adv. Proc. No. 24-05056 | FFP (BVI) Limited |
| Adv. Proc. No. 24-05057 | Amazon Inc |
| Adv. Proc. No. 24-05057 | Hing Chi Ngok |
| Adv. Proc. No. 24-05057 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05057 | Bernardo Enriquez |
| Adv. Proc. No. 24-05057 | Chunguang Han |
| Adv. Proc. No. 24-05057 | Mei Guo |
| Adv. Proc. No. 24-05058 | Anthem Blue Cross Blue Shield |
| Adv. Proc. No. 24-05059 | Federal Express |
| Adv. Proc. No. 24-05060 | Apple Inc |
| Adv. Proc. No. 24-05060 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05060 | Bernardo Enriquez |
| Adv. Proc. No. 24-05060 | Chunguang Han |
| Adv. Proc. No. 24-05060 | Mei Guo |
| Adv. Proc. No. 24-05065 | A.Z. Bigiotterie S.A.S. DI Zanutto Gabriele & C. |
| Adv. Proc. No. 24-05069 | B&H Foto & Electronics Corp |
| Adv. Proc. No. 24-05069 | Hing Chi Ngok |
| Adv. Proc. No. 24-05069 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05069 | Bernardo Enriquez |
| Adv. Proc. No. 24-05069 | Chunguang Han |
| Adv. Proc. No. 24-05075 | Marcella Monica Falciani |
| Adv. Proc. No. 24-05077 | American Express |
| Adv. Proc. No. 24-05090 | Swans Team Design Inc |
| Adv. Proc. No. 24-05093 | 2 B Packing LLC |
| Adv. Proc. No. 24-05102 | Ocorian Consulting Ltd |
| Adv. Proc. No. 24-05105 | N87 Inc |

| Adv. Proc. No. 24-05109 | Moran Yacht Management, Inc |
|---|---|
| Adv. Proc. No. 24-05115 | Cloudflare, Inc. |
| Adv. Proc. No. 24-05122 | Indium Software Inc |
| Adv. Proc. No. 24-05125 | Rilievi Group S.R.L. |
| Adv. Proc. No. 24-05133 | Beile Li |
| Adv. Proc. No. 24-05134 | V.X. Cerda & Associates PA |
| Adv. Proc. No. 24-05135 | Liberty Jet Management Corp. |
| Adv. Proc. No. 24-05145 | Manhattan Motorcars, Inc |
| Adv. Proc. No. 24-05154 | Kamel Debeche |
| Adv. Proc. No. 24-05159 | Gold Leaf Consulting Limited |
| Adv. Proc. No. 24-05161 | Mandelli USA, Inc. |
| Adv. Proc. No. 24-05172 | Federal Corporation (Japan) |
| Adv. Proc. No. 24-05188 | Weddle Law PLLC |
| Adv. Proc. No. 24-05189 | TD Avenue (The Diamond Avenue) |
| Adv. Proc. No. 24-05199 | Lawall & Mitchell LLC |
| Adv. Proc. No. 24-05199 | Aaron Mitchell |
| Adv. Proc. No. 24-05203 | Oasis Tech Limited |
| Adv. Proc. No. 24-05206 | Hao Haidong |
| Adv. Proc. No. 24-05223 | G-Translators Pty Ltd |
| Adv. Proc. No. 24-05226 | ACASS Canada Ltd. |
| Adv. Proc. No. 24-05238 | Qiang Guo |
| Adv. Proc. No. 24-05248 | Tut Co Limited |
| Adv. Proc. No. 24-05263 | BSA Strategic Fund I |
| Adv. Proc. No. 24-05271 | Junjie Jiang |

## **EXHIBIT 4**

**(List of Avoidance Defendants Not Automatically Subject to Mediation Referral)**

1. ACA Capital Limited
2. Anton Development Limited
3. Bannon Strategic Advisors, Inc.
4. Barnett, Scott
5. Berkeley Rowe Limited
6. BSA Strategic Fund
7. BSA Strategic Fund I
8. Chiesa Shahinian & Giantomasi PC
9. China Golden Spring Group (Hong Kong) Ltd.
10. Debeche, Kamel
11. DiBattista, Anthony
12. Enriquez, Bernardo
13. Federal Corporation
14. Fiesta Investment Ltd. f/k/a Fiesta Property Developments Ltd.
15. G Club Holdco I LLC
16. G Club International Limited
17. G Club Operations LLC
18. G Club Three
19. G Fashion
20. G Fashion International Limited
21. G Fashion Media Group Inc.
22. Gettr USA, Inc.
23. GF Italy, LLC
24. GFNY Inc.
25. Gold Leaf Consulting Limited
26. Golden Gate Himalaya Farm LLC
27. Golden Spring (New York) Limited
28. Greenwich Land LLC
29. GS Security Solutions Inc.
30. G-Service LLC
31. G-Translators Pty Ltd
32. Guo, Mei
33. Guo, Qiang
34. Gypsy Mei Food Services LLC
35. HAA Group Pty Ltd
36. Hadjicharalambous, Alex
37. Hamilton Capital Holding Ltd
38. Hamilton Investment Management Ltd
39. Hamilton Opportunity Fund SPC
40. Han, Chunguang
41. Harcus Parker Limited
42. HCHK Property Management Inc.
43. HCHK Technologies Inc.

44. Himalaya Australia Athena Farm Inc.
45. Himalaya Australia PTY Ltd.
46. Himalaya Boston Mayflower LLC
47. Himalaya Currency Clearing Pty Ltd.
48. Himalaya International Clearing Ltd.
49. Himalaya International Financial Group Ltd
50. Himalaya International Reserves Ltd
51. Himalaya New World Inc.
52. Himalaya New York Rock
53. Himalaya Shanghai Farm LLC
54. Himalaya UK Club
55. Himalaya Worldwide LS
56. HML Vancouver Sailing Farm Ltd.
57. Hong Kong International Funds Investments Limited
58. Hudson Diamond NY LLC
59. Je, Kin Ming
60. Krasner, Max
61. Lamp Capital LLC
62. Lawall & Mitchell, LLC
63. Leading Shine NY Limited
64. Lee, Chris
65. Lexington Property and Staffing Inc.
66. Miller, Jason
67. Mitchell, Aaron
68. MOS Himalaya Foundation Inc.
69. Mountains of Spices Inc.
70. Ngok, Hing Chi
71. O.S.C. Orbit II Service Company LLC
72. Omicron Nutraceutical LLC
73. OSC Orbit Service Company LLC
74. Oxford Visionary Ltd.
75. Pillsbury Winthrop Shaw Pittman LLP
76. Rising Sun Capital Ltd.
77. Rong, Sin Ting
78. Rosy Acme Ventures Limited
79. Rule of Law III Foundation Inc.
80. Rule of Law Society IV Inc.
81. Saraca Media Group, Inc.
82. Taurus Fund LLC
83. The Francis Firm PLLC
84. Troutman Pepper Hamilton Sanders LLP
85. UK Himalaya Ltd.
86. V.X. Cerda & Associates P.A.

87. Wang, Yanping
88. Warroom Broadcasting & Media Communications LLC
89. Zeisler & Zeisler, P.C.
90. Zhang, Yongbing
91. ZYB & Associates, LLC, d/b/a Law Offices of Yongbing Zhang
92. Any potential Avoidance Defendant that is subject to a stipulated tolling order entered by the Court.

**<u>Exhibit B</u>**

**(Track Changes Version of
Second Revised Proposed Order from Original Proposed Order)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------:
                                        :     Chapter 11

In re:                                  : 

                                       :     Case No. 22-50073 (JAM)

HO WAN KWOK, *et al.*,[1]               : 

                                     :     (Jointly Administered)

                    Debtors.          : 

                                     : 

------------------------------------------------------x

LUC A. DESPINS, CHAPTER 11   Adv. Proc. Nos. 24-05005, 24-05006, 24-05007,
TRUSTEE,                        24-05008, 24-05009, 24-05010, 24-05011, 24-

                                05012, 24-05013, 24-05014, 24-05015, 24-05016,

                 Plaintiff,       24-05017, 24-05018, 24-05019, 24-05020, 24-

v.                                    05021, 24-05022, 24-05023, 24-05024, 24-05025,

                                24-05026, 24-05027, 24-05028, 24-05029, 24-

                                05030, 24-05031, 24-05032, 24-05033, 24-05034,

AVOIDANCE DEFENDANTS         24-05035, 24-05036, 24-05037, 24-05038, 24-

                                05039, 24-05040, 24-05041, 24-05042, 24-05043,

                 Defendants.      24-05044, 24-05045, 24-05046, 24-05047, 24-

                                05048, 24-05049, 24-05050, 24-05051, 24-05052,

                                24-05053, 24-05054, 24-05055, 24-05056, 24-

                                05057, 24-05058, 24-05059, 24-05060, 24-05061,

                                24-05062, 24-05063, 24-05064, 24-05065, 24-

                                05066, 24-05067, 24-05068, 24-05069, 24-05070,

                                24-05071, 24-05072, 24-05073, 24-05074, 24-

                                05075, 24-05076, 24-05077, 24-05078, 24-05079,

                                24-05080, 24-05081, 24-05082, 24-05083, 24-

                                05084, 24-05085, 24-05086, 24-05087, 24-05088,

                                24-05089, 24-05090, 24-05091, 24-05092, 24-

                                05093, 24-05094, 24-05095, 24-05096, 24-05097,

                                24-05098, 24-05099, 24-05100, 24-05101, 24-

                                05102, 24-05102, 24-05103, 24-05104, 24-05105,

(caption continues on next page)     24-05106, 24-05107, 24-05108, 24-05109, 24-

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

05110, 24-05111, 24-05112, 24-05113, 24-05114,
24-05115, 24-05116, 24-05117, 24-05118, 24-
05119, 24-05120, 24-05121, 24-05122, 24-05123,
24-05124, 24-05125, 24-05126, 24-05127, 24-
05128, 24-05129, 24-05130, 24-05131, 24-05132,
24-05133, 24-05134, 24-05135, 24-05136, 24-
05137, 24-05138, 24-05139, 24-05140, 24-05141,
24-05142, 24-05143, 24-05144, 24-05145, 24-
05146, 24-05147, 24-05148, 24-05149, 24-05150,
24-05151, 24-05152, 24-05153, 24-05154, 24-
05155, 24-05156, 24-05157, 24-05158, 24-05159,
24-05160, 24-05161, 24-05162, 24-05163, 24-
05164, 24-05165, 24-05166, 24-05167, 24-05168,
24-05169, 24-05170, 24-05171, 24-05172, 24-
05173, 24-05174, 24-05175, 24-05176, 24-05177,
24-05178, 24-05179, 24-05180, 24-05181, 24-
05182, 24-05183, 24-05184, 24-05185, 24-05186,
24-05187, 24-05188, 24-05189, 24-05190, 24-
05191, 24-05192, 24-05193, 24-05194, 24-05195,
24-05196, 24-05197, 24-05198, 24-05199, 24-
05200, 24-05201, 24-05202, 24-05203, 24-05204,
24-05205, 24-05206, 24-05207, 24-05208, 24-
05209, 24-05210, 24-05211, 24-05212, 24-05213,
24-05214, 24-05215, 24-05216, 24-05217, 24-
05218, 24-05219, 24-05220, 24-05221, 24-05222,
24-05223, 24-05224, 24-05225, 24-05226, 24-
05227, 24-05228, 24-05229, 24-05230, 24-05231,
24-05232, 24-05233, 24-05234, 24-05235, 24-
05236, 24-05237, 24-05238, 24-05239, 24-05240,
24-05241, 24-05242, 24-05243, 24-05244, 24-
05245, 24-05246, 24-05247, 24-05248, 24-05250,
24-05251, 24-05252, 24-05253, 24-05254, 24-
05255, 24-05256, 24-05257, 24-05258, 24-05259,
24-05260, 24-05261, 24-05262, 24-05263, 24-
05264, 24-05265, 24-05266, 24-05267, 24-05268,
24-05269, 24-05270, 24-05271, 24-05272, 24-
05274, 24-05275, 24-05276

----------------------------------------------------x

2

### ~~[~~[SECOND REVISED PROPOSED] AMENDED ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to modify the Court's *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 2578] (the "Avoidance Procedures Order") and thereby modifying the Avoidance Action Procedures to provide for the inclusion of certain procedures governing mediation of Avoidance Actions; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court, including a hearing held April 23, 2024; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Motion is granted as set forth herein.

---

[2]    Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

2.    The Court hereby orders that the following amended Avoidance Action Procedures shall govern the Avoidance Actions:

a.    The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous claims under applicable state law (the "Avoidance Actions").

b.    Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form substantially similar to that attached hereto as **Exhibit 1** (the "Avoidance Action Procedures Notice").  The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") together with the Summons and Avoidance Complaint pursuant to Bankruptcy Rule 7004.

c.    Motions affecting multiple Avoidance Actions shall be filed in each applicable Avoidance Action and shall use a caption substantially in the form attached hereto as **Exhibit 2**.

d.    To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint").  Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004.  Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

e.    An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days.  Any such stipulation shall be made in writing and ~~filed~~the Trustee shall file such stipulation or otherwise shall file a notice of the stipulated extension on the docket in the applicable ~~adversary proceeding~~Avoidance Action.  Notwithstanding anything herein to the contrary:

i.    The claims against Avoidance Defendants set forth on **Exhibit 3-A** attached hereto (the "Stayed Avoidance Claims") shall be stayed pending further

4

order of the Court. At such time that the stay of the Stayed Avoidance Claims is lifted, the Court shall determine whether the Stayed Avoidance Claims shall be subject to the Mediation Procedures and set deadlines for Avoidance Defendants in such actions to respond to the Avoidance Complaints.

ii.        The claims against Avoidance Defendants set forth on **Exhibit 3-B** attached hereto (the "Partially Stayed Avoidance Claims") shall be stayed pending further order of the Court solely as to any legal or factual issues concerning whether ACA Capital Group Ltd, Anton Development Limited, G Club International Limited, G Club Operations LLC, G Fashion, G Fashion Media Group Inc., GFNY Inc., Hamilton Capital Holding Ltd, Himalaya International Clearing Ltd, Leading Shine Limited, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., and Saraca Media Group Inc. were alter-egos of the Debtor and/or whether the property of such entities was property of the Debtor and/or of the Debtor's chapter 11 estate (collectively, the "Stayed Issues"). For the avoidance of doubt, Partially Stayed Avoidance Claims shall proceed to mediation to the extent provided by the Mediation Procedures (as defined herein) as to all issues that are not Stayed Issues, *provided, however*, Stayed Issues may also be mediated on a voluntary basis.

~~e.~~iii.        Upon the filing of any new Avoidance Action, the Trustee may designate claims in such action to be Stayed Avoidance Claims or Partially Stayed Avoidance Claims by filing a notice of such designation (a "Stay Designation Notice") in the relevant Avoidance Action. Any Avoidance Defendant wishing to challenge a Stay Designation Notice shall file a response to such notice in the relevant Avoidance Action within seven (7) days of appearing in same, to which the Trustee may reply within fourteen (14) days of the filing of such response. Any disputes over a Stay Designation Notice shall be determined by the Court.

f.        In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12~~(b), the Trustee shall have sixty (60) days to respond to such motion.~~, the Trustee shall have sixty (60) days to respond to such motion, *provided, however*, if such a motion is filed with respect to claims that are stayed or with respect to claims that become stayed while such a motion is pending, the Trustee shall have sixty (60) days to respond to such motion following the termination of the stay. An Avoidance Defendant shall have thirty (30) days to reply to any response by the Trustee to a motion filed pursuant to Civil Rule 12.

g.        Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference. To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

Formatted: Indent: Left: 1", First line: 0.5"

h.      As soon as practicable following the Response Date, to the extent that claims in an Avoidance Action are not stayed, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval.  If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order.  If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.  If claims in an Avoidance Action are stayed, the parties as to the stayed claims shall hold the Initial Case Conference as soon as practicable following the termination of the stay and thereafter shall otherwise comply with the foregoing procedure.  Civil Rule 26 (to the extent incorporated by Bankruptcy Rule 7026), District of Connecticut Local Civil Rule 26, and District of Connecticut Local Bankruptcy Rule 7026-1 shall apply to the Avoidance Actions except to the extent that they are expressly modified by this Order or otherwise by order of the Court. For the avoidance of doubt, the stay effective during Mediation Proceedings shall include all formal discovery but shall not preclude any informal exchange of documents or information on a voluntary basis or as an Assigned Mediator (as defined herein) may direct.

i.      Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown.  Such modification shall be requested by motion filed in the applicable Avoidance Action.

j.      Notwithstanding anything herein to the contrary, the Avoidance Action Procedures shall be subject to the following procedures governing mediation proceedings (the "Mediation Procedures"): Upon the filing of a substantive response to an Avoidance Complaint (whether an answer or a motion pursuant to Bankruptcy Rule 7012) by") as to any Avoidance Defendant that was served with process prior to April 4, 2024:  Upon the appearance of any Avoidance Defendant in an Avoidance Action prior to the expiration of such Avoidance Defendant's deadline to respond to the Trustee's Avoidance Complaint, the Trustee's claims against such Avoidance Defendant in such Avoidance Action shall automatically (and without further order) be referred (the "Mediation Referral") to non-binding mediation proceedings (as set forth herein, the "Mediation Proceedings"):"),. provided, however, no Mediation Referral shall be deemed to have occurred prior to May 15, 2024.  Upon a Mediation Referral, the Avoidance Action claims subject to mediation shall be stayed, as to such Avoidance Defendant only (including, without limitation, as to anysuch Avoidance Defendant's obligation of the Trustee to respond to the Avoidance Defendant's Complaint, or, if any such response to the Avoidance Complaintis filed, as to any obligation of the Trustee to further respond), pending the conclusion of Mediation Proceedings.  If anIf the Avoidance Defendant appears in the Avoidance Action after the Avoidance Defendant failsDefendant's time to respond to anthe Avoidance Complaint before its time to do so has expired, no Mediation Referral shall occur except upon a written stipulation by the Trustee and such Avoidance Defendant filed in the Avoidance Action or by order of the Court.  For the avoidance of doubt, the staying of anyclaims in an Avoidance Action as to a particular Avoidance Defendant shall not stay claims in the Avoidance Action as to any other Avoidance Defendant, nor shall the staying of claims in a particular

Formatted: Font: Times New Roman

Avoidance Action as against an Avoidance Defendant stay any other claims by the Trustee against such Avoidance Defendant outside of such Avoidance Action (whether in other Avoidance Actions or otherwise). Notwithstanding anything herein to the contrary, no claims by the Trustee against the Avoidance Defendants set forth on the attached **Exhibit 34** shall be subject to a Mediation Referral except upon a stipulation between the Trustee and such Avoidance Defendant or by Order of the Court.  To the extent that an Avoidance Defendant was not served with process prior to April 4, 2024, the Trustee may stipulate with such Avoidance Defendant to the application of the Mediation Procedures (with such stipulation to be made in writing and filed in the relevant Avoidance Action), or, following the service of such Avoidance Defendant, the Trustee may file a motion (with notice to the Avoidance Defendant) requesting that the Mediation Procedures apply to such Avoidance Defendant.

k.      United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi") shall oversee all Mediation Proceedings, *provided, however*, mediations shall be conducted by Judge Tancredi or by a mediator from an approved panel of mediators of Avoidance Actions (the "Mediation Panel") if the Trustee determines, in consultation with Judge Tancredi, that it would be beneficial to create such a panel. The members of any Mediation Panel shall be selected by the Trustee in consultation with Judge Tancredi, subject to the Court's approval of the appointment of each such mediator and rates of compensation applicable to same. Such approval shall be requested by the Trustee in the Main Case only by motion filed in accordance with all applicable rules and served on all Avoidance Defendants subject to the Mediation Procedures, and the appointment of a mediator to the Mediation Panel shall become effective upon approval by the Court.

l.      Within fourteen (14) days of any Mediation Referral, the Trustee and the relevant Avoidance Defendant shall jointly contact Judge Tancredi by letter submitted via Judge Tancredi's courtroom deputy briefly (and in a non-argumentative manner) describing the claims at issue and advising regarding their availability to participate in mediation in the following sixty (60) days as well as to whether the mediation session(s) should take place in person or via videoconference. Following receipt of such letter, Judge Tancredi shall assign the Avoidance Action to be mediated by himself or by a member of the Mediation Panel (the "Assigned Mediator") and shall direct that the mediation be conducted in person or via videoconference. Judge Tancredi may order that related Mediation Proceedings (including, where appropriate, where claims are asserted against multiple defendants in a single Avoidance Action) be consolidated.

m.      Alternatively, any Avoidance Defendant that believes that the claims against it should not be subject to mediation may, within fourteen (14) days of the Mediation Referral, file a motion with the Court setting forth good cause to exempt the claims against it from the Mediation Procedures, with notice to the Trustee and Judge Tancredi. No Mediation Proceedings as to such an Avoidance Defendant shall occur pending the Court's determination of such a motion. If the Court grants the motion, the Mediation Proceedings shall be deemed immediately terminated and any obligation of the Trustee toAvoidance Defendant shall respond to the Avoidance Defendant's response to theTrustee's Avoidance Complaint shall be sixty (60within thirty (30) days from the date of such termination. If the Court denies the motion, the Trustee and the Avoidance Defendant shall contact Judge Tancredi by letter within fourteen (14) days of such denial pursuant to the procedure set forth in the foregoing paragraph l to obtain an Assigned Mediator.

n.       Upon notification of their assignment, the Assigned Mediator shall ~~have an opportunity to~~ determine whether they have any conflicts with <u>respect to</u> the Avoidance ~~Defendant~~<u>Action subject to mediation</u> and, in the event of a conflict, ~~may~~<u>shall</u> abstain from acting in the particular mediation <u>unless such conflict is disclosed to and expressly waived by the Trustee and the Avoidance Defendant</u>.  If the Assigned Mediator abstains, Judge Tancredi shall assign an alternative mediator from the Mediation Panel or shall assign himself to the mediation.  If a party to Mediation Proceedings believes that a conflict of interest precludes the service of the Assigned Mediator, such party may seek the assignment of a different Assigned Mediator by letter submitted to Judge Tancredi via his courtroom deputy (with copies to the opposing party and the Assigned Mediator) or by motion filed with the Court, ~~*provided, however,* such relief may only be sought~~ within ~~seven (7~~<u>fourteen (14)</u> days of a party's discovery of the basis for seeking such relief.  <u>To the extent that a conflict is disclosed by the Assigned Mediator or timely challenged by a party to a Mediation Proceeding, such Mediation Proceeding shall be suspended pending (a) selection by Judge Tancredi of an alternative mediator to serve as the Assigned Mediator, (b) waiver of the conflict, or (c) the denial of any request for reassignment.</u>

o.       Upon the assignment of the Assigned Mediator, the Trustee and the Avoidance Defendant shall confer with the Assigned Mediator regarding a date for the initial mediation session.  The Assigned Mediator shall schedule the mediation to occur within sixty (60) days of assignment, *provided, however*, upon the consent of the parties and the Assigned Mediator, the mediation session may be scheduled on a later date that is within the deadline to complete Mediation Proceedings set forth in ¶ (t) herein.  If the mediation is to occur in person, the Assigned Mediator shall also select the location of the mediation, *provided, however*, that, unless otherwise agreed by the parties and the Assigned Mediator, any in-person mediation shall occur only within the District of Connecticut or the New York City metropolitan area at (i) the offices of Trustee's counsel, (ii) a facility of the United States Bankruptcy Court for the District of Connecticut, or (iii) the offices of the Assigned Mediator.  The Assigned Mediator shall provide at least twenty-one (21) days' written notice of the first date, time, and place of the mediation (the "<u>Mediation Notice</u>"), which Mediation Notice the Assigned Mediator shall cause to be filed in the relevant Avoidance Action.

p.       Upon consent of the parties at least seven (7) days prior to any scheduled mediation session, the Assigned Mediator may (at their discretion) reschedule such mediation session.  If the Trustee or the relevant Avoidance Defendant seeks to reschedule a mediation session absent the counter-party's or the Assigned Mediator's consent or within seven (7) days ~~of~~<u>prior to</u> the mediation session, such request shall be made by letter to Judge Tancredi via his courtroom deputy and the counter-party and/or Assigned Mediator shall submit any response to Judge Tancredi likewise by letter to his courtroom deputy.  Judge Tancredi will then determine whether the mediation session shall be rescheduled and, if the mediation session was scheduled to occur in less than seven (7) days from the date of the request, whether the Assigned Mediator is entitled to compensation and which party(ies) shall be responsible for same.

q.       All proceedings and writings incident to Mediation Proceedings shall be considered privileged and confidential and subject to all protections of Federal Rule of Evidence 408 and shall not be reported or admitted as evidence for any reason except to prove that a party failed to comply with the Mediation Procedures.  No Assigned Mediator

8

nor Judge Tancredi shall be called as a witness by any party except as set forth in this paragraph.  No party shall attempt to compel the testimony of, or compel the production of documents from, the Assigned Mediator (including their agents, partners, or employees of their respective law firms or organizations) or Judge Tancredi, *provided, however*, subject to Court order, an Assigned Mediator may be called as a witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with the Mediation Procedures.  Any documents provided to the Assigned Mediator by the parties shall be destroyed within thirty (30) days after the filing of the Mediator's Report unless the Assigned Mediator is otherwise ordered by the Court.

r.      The Assigned Mediator shall preside over any mediation sessions with full authority to determine the nature and order of the parties' presentations, and the rules of evidence shall not apply.  The Assigned Mediator may implement additional procedures which are reasonable and practical under the circumstances.  The Trustee and any Avoidance Defendant that is party to Mediation Proceedings may communicate *ex-parte* with their Assigned Mediator(s) to the extent that their Assigned Mediator(s) deem appropriate.  The Trustee and his counsel may communicate *ex-parte* with Judge Tancredi concerning the implementation of these Mediation Procedures, the selection of mediators to the Mediation Panel, the categorization of Avoidance Actions, and/or any recommendations issued by Judge Tancredi to the Court.

s.      The parties to any Mediation Proceedings shall participate in such proceedings as scheduled and presided over by the Assigned Mediator in good faith and with a view toward reaching a consensual resolution.  Mediation sessions shall be attended (either in person or, where permitted, by videoconference) by a representative of the Defendant ~~will~~with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as by the Trustee and/or counsel for the Trustee (who must have settlement authority from the Trustee).  Assigned Mediators may, in their discretion, request the parties to prepare mediation statements in advance of mediation; unless otherwise instructed by the Assigned Mediator, such mediation statements shall not be shared with the other party to the mediation. The Assigned Mediator may issue further instructions regarding the mediation statements to the parties.

t.      The Assigned Mediator, in the Mediation Notice or in a separate notice that need not be filed, may require the parties to provide to the Assigned Mediator any relevant papers and exhibits, statements of position, and/or settlement proposals. In the Assigned Mediator's discretion, upon notice (which need not be filed), the Assigned Mediator may adjourn a mediation or move a mediation to a different location within those locations authorized by the Mediation Procedures.  The Assigned Mediator may also continue a mediation that has been commenced for additional sessions upon the request of the parties to the mediation or if the Assigned Mediator determines that a continuation is in the best interest of the parties, *provided, however*, no Mediation Proceedings shall continue for a period beyond one-hundred-eighty (180) days following the Mediation Referral unless the period to mediate is extended by order of this Court on the request of Judge Tancredi, which request and order shall be filed on the docket in the relevant Avoidance Action.  In the event that additional mediation sessions are held beyond the initial mediation session, the Assigned Mediator may, in their discretion, permit that such sessions be held by videoconference.

9

u.      Unless otherwise agreed or ordered by Judge Tancredi or the Court, the fees and costs of the Assigned Mediator, if any (the "Mediation Fee"), shall be paid equally by the parties to any Mediation Proceedings with the Mediation Fee for the initial mediation session due at least seven (7) days prior to the date such session is scheduled.  Upon a showing that the payment of such amounts constitutes a hardship (submitted in writing with notice to all counter-parties to any Mediation Proceedings), Judge Tancredi or the Court may modify the parties' responsibilities for the Mediation Fee, *provided, however*, such relief shall be sought at least fourteen (14) days before any such Mediation Fee is due to be paid.  If such relief is requested from the Court, it shall be requested in writing filed in the relevant Avoidance Action(s), which may be filed under seal, *provided, however*, the Avoidance Defendant shall provide a copy of any such sealed filing to the Trustee.  Any response by the Trustee to such a sealed filing may likewise be filed under seal with reciprocal notice to the relevant Avoidance Defendant.   The Mediation Fee shall be determined using the rates approved by the Court in connection with the appointment of the members of the Mediation Panel.

v.      Within seven (7) days after the conclusion of the mediation, the Assigned Mediator shall file a report (the "Mediator's Report") in the relevant Avoidance Action indicating whether the parties to the Mediation Proceedings complied with the Mediation Procedures and whether the Mediation Proceedings resulted in a settlement.   The Mediator's Report shall not address the substance of mediation discussions, or provide details of any settlement that might be reached.   In addition, in the case of material noncompliance with the Mediation Procedures, an Assigned Mediator may file an interim report (an "Interim Report") in the relevant Avoidance Action advising the Court of such noncompliance.  Where a Mediator's Report or an Interim Report indicates noncompliance with the Mediation Procedures, the Court may (without the filing of a motion by any party) schedule a hearing to consider the appropriateness of sanctions against the noncompliant party.   Such sanctions may include, without limitation, assessing costs of the Mediation Proceedings and/or the opposing party's attorneys' fees against the noncompliant party.  Additionally, in cases of willful, persistent, or egregious noncompliance, the Court may enter a default judgment or dismissal against the party that failed to comply with the Mediation Procedures.   Additionally, if any party to Mediation Proceedings is not attempting to schedule or resolve the mediation in good faith, an opposing party may file a motion for sanctions with the Court.  Litigation with respect to the issuance of sanctions shall not delay the commencement of mediation.  Failure to achieve settlement alone cannot constitute grounds for a finding of "bad faith" or the imposition of sanctions.

w.      If the Mediator's Report indicates that the Mediation Proceedings resulted in a settlement and the settlement requires approval of the Court, the Trustee shall file a motion requesting such approval within thirty (30) days of the issuance of the Mediator's Report.  The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Avoidance Defendant, the Official Committee of Unsecured Creditors, and the United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement.  Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

x.  If a Mediator's Report does not indicate a full settlement of the claims between the Trustee and the Avoidance Defendant, ~~any obligation of~~ the ~~Trustee~~deadline to respond to the ~~Avoidance Defendant's response to the~~Trustee's Avoidance Complaint shall be ~~sixty (60~~thirty (30) days from the ~~issuance~~filing of the Mediator's Report.

y.  Members of the Mediation Panel (if any) shall regularly consult with Judge Tancredi concerning the status of Mediation Proceedings to which they are assigned.  In addition, to facilitate the mediation process and to minimize any burden on Judge Tancredi, the Trustee shall endeavor, in consultation with Judge Tancredi, to devise categories of Avoidance Action claims (whether by amounts of transfers, timing of transfers, alter egos at issue, or otherwise).  Such categorization shall not have any binding effect on any Avoidance Defendants as relates to the merits of claims or defenses in an Avoidance Action. Judge Tancredi may submit reports to the Court regarding the progress of Mediation Proceedings and any recommendations of Judge Tancredi to promote the efficient administration of the Avoidance Actions.  Such reports shall be issued in writing and filed on the docket in the Main Case.  Without limitation, these recommendations may include that certain claims in Avoidance Actions and/or certain categories of claims in Avoidance Actions be stayed for a fixed period prior to commencing ~~one-on-one~~particular Mediation Proceedings.  During the period of such a stay or otherwise, in order to facilitate the exchange of information and to encourage productive negotiations between the Trustee and Avoidance Defendants, Judge Tancredi may schedule informational sessions and/or mediation sessions that include multiple Avoidance Defendants and/or certain categories of Avoidance Defendants.  To the extent that Judge Tancredi recommends staying claims in any Avoidance Actions and/or categories of claims in Avoidance Actions, the Trustee (within seven (7) days of the issuance of such recommendations) shall cause notice of same to be filed in ~~such actions.  Upon a hearing~~the applicable actions, and any Avoidance Defendant impacted by such recommended stay may file a written response in its Avoidance Action(s) within seven (7) days of the filing of notice.  Upon a hearing considering Judge Tancredi's recommendations and any timely written response but without need for the filing of a motion, the Court may enter further orders addressing any recommendations issued by Judge Tancredi, including, without limitation, the stay of ~~any~~claims in Avoidance Actions or categories of claims in Avoidance Actions prior to one-on-one mediation.

z.  Notwithstanding anything in the Avoidance Action Procedures to the contrary, these Mediation Procedures may be modified by the Court upon the request of the Trustee or any other party in interest, or as otherwise ordered by the Court (including, without limitation, upon recommendations issued by Judge Tancredi), upon ~~notice issued~~a motion filed in the Main Case only in accordance with any applicable rules, *provided, however*, the revised Mediation Procedures, upon approval, shall be filed in all Avoidance Actions.

3.  Within seven (7) days of the entry of this Order, the Trustee shall file the Avoidance Action Procedures Notice (in the revised form attached hereto as Exhibit 1) in all Avoidance Actions pending as of the entry of this Order.

11

4.      The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.      To the extent that information in an Avoidance Complaint (or its exhibits) may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to any Avoidance Defendant and its counsel, pursuant to  5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b).  This Order also amends the Protective Order and the P.O. Addendum to permit the Trustee, to the extent provided in the Avoidance Action Procedures, to disclose to any Avoidance Defendant information in an Avoidance Complaint (filed against such defendant) that is designated as highly confidential under the Protective Order or the P.O. Addendum.

6.      Pursuant to District of Connecticut Local Rule of Civil Procedure 5(e), District of Connecticut Local Rule of Bankruptcy Procedure 9077-1, Bankruptcy Rule 9018, and section 107(b) of the Bankruptcy Code, this constitutes an Order of the Court authorizing the sealed filing of Avoidance Complaints and of motions seeking approval of settlements to the extent permitted by the Mediation Procedures.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.      This Order shall be effective immediately upon entry.

**EXHIBIT 1**

**(Form Notice of Applicability of Avoidance Action Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------:
                            :
In re:                         :       Chapter 11
                            :
HO WAN KWOK, *et al.*,[1]       :       Case No. 22-50073 (JAM)
                            :
             Debtors.    :       (Jointly Administered)
                            :
-------------------------------------------------------:
                            :
LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                   :
                            :      Adv. Proceeding No. [_____]
            Plaintiff,   :
v.                          :
                            :
[NAME OF DEFENDANT]      :
                            :
            Defendant.   :
                            :
-------------------------------------------------------:

**NOTICE OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES**

PLEASE TAKE NOTICE, that the Amended Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings entered by the Bankruptcy Court in the above-captioned chapter 11 case [ECF No. ___] appended hereto as **Exhibit A**, is hereby made applicable to and governs this adversary proceeding.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    _____ \_\_, 2024
        New Haven, Connecticut

By:_____

Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(admitted pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(admitted pro hac vice)*
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2

**<u>EXHIBIT 2</u>**

**(Caption Applicable to Omnibus Filings)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al*.,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-----------------------------------------------------

| | | |
|---|---|---|
| | : | Adv. Proc. Nos. 24-XXXX, 24-XXXX, |
| | : | 24-XXXX, 24-XXXX, 24-XXXX, |
| LUC A. DESPINS, CHAPTER 11 | : | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| TRUSTEE, | : | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| | : | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| Plaintiff, | : | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| v. | : | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| | : | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| | : | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| | : | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| AVOIDANCE DEFENDANTS | : | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| | : | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| Defendants. | : | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| | : | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| | | 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| | | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| | | 24-XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24- |
| | | XXXX, 24-XXXX, 24-XXXX, 24-XXXX, |
| | | 24-XXXX, 24-XXXX, and 24-XXXX |

-----------------------------------------------------

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**EXHIBIT 3-A**

**(Avoidance Claims Subject to Stay)**

| ADV. PROC. NO. | FIRST NAMED DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05008 | Boardwalk Motor Imports LLC |
| Adv. Proc. No. 24-05009 | Mercantile Bank International Corp. |
| Adv. Proc. No. 24-05012 | Ogier |
| Adv. Proc. No. 24-05014 | Pillsbury Winthrop Shaw Pittman LLP |
| Adv. Proc. No. 24-05017 | Post Oak Motors, LLC |
| Adv. Proc. No. 24-05022 | FAM United LLC |
| Adv. Proc. No. 24-05026 | Yieldesta LP |
| Adv. Proc. No. 24-05029 | Great Bowery Inc dba Camilla Lowther Management |
| Adv. Proc. No. 24-05032 | Hugga LLC |
| Adv. Proc. No. 24-05037 | Triple2 Digital LLC |
| Adv. Proc. No. 24-05038 | D4Zero S.R.L. |
| Adv. Proc. No. 24-05041 | CFG Global Limited |
| Adv. Proc. No. 24-05043 | Loro Piana S.P.A. |
| Adv. Proc. No. 24-05045 | The Quinlan Law Firm, LLC |
| Adv. Proc. No. 24-05046 | Janco SRL |
| Adv. Proc. No. 24-05050 | Oro Mont Alpi SRL |
| Adv. Proc. No. 24-05051 | Mindy Wechsler |
| Adv. Proc. No. 24-05052 | MF19 Inc |
| Adv. Proc. No. 24-05068 | Caribe Condado, LLC |
| Adv. Proc. No. 24-05080 | Reinhard Plank S.R.L. |
| Adv. Proc. No. 24-05084 | Tavares Cutting Inc |
| Adv. Proc. No. 24-05087 | Mosaicon Shoes SRL |
| Adv. Proc. No. 24-05088 | Tokyoseiki Co. LTD |
| Adv. Proc. No. 24-05089 | Pellettieri Di Parma SRL |
| Adv. Proc. No. 24-05091 | Shalom B LLC dba Asher Fabric Concepts |
| Adv. Proc. No. 24-05094 | Solazzo Calzature S.R.L. |
| Adv. Proc. No. 24-05095 | SOD Stone Offroad Design GmbH |
| Adv. Proc. No. 24-05096 | 1245 Factory Place, LLC |
| Adv. Proc. No. 24-05097 | Liapull S.R.L. |
| Adv. Proc. No. 24-05099 | American Arbitration Association, Inc. |
| Adv. Proc. No. 24-05104 | Ice24 SRO |
| Adv. Proc. No. 24-05106 | Reach Manufacturing, LLC |
| Adv. Proc. No. 24-05111 | DNM Beauty Distribution |
| Adv. Proc. No. 24-05113 | 1322089 B.C. L.T.D. |
| Adv. Proc. No. 24-05116 | Hilton Management, LLC |
| Adv. Proc. No. 24-05118 | J Tan Jewelry Design, Inc. |
| Adv. Proc. No. 24-05121 | Shaylen Music LLC |
| Adv. Proc. No. 24-05123 | Bestview1 Pty Ltd |
| Adv. Proc. No. 24-05124 | Legends OWO LLC |
| Adv. Proc. No. 24-05127 | Waycap S.P.A. |
| Adv. Proc. No. 24-05129 | Fay Ye |

| | |
|---|---|
| Adv. Proc. No. 24-05131 | Lawrence River |
| Adv. Proc. No. 24-05136 | ASAP SRL |
| Adv. Proc. No. 24-05137 | Bellerive Attorneys at Law |
| Adv. Proc. No. 24-05139 | Houston Litstar LLC |
| Adv. Proc. No. 24-05140 | Quinones Law PLLC |
| Adv. Proc. No. 24-05142 | Immobiliara Barbara 2000 SRL |
| Adv. Proc. No. 24-05143 | Dream Projects LLC |
| Adv. Proc. No. 24-05146 | Fortnum Information Security Limited |
| Adv. Proc. No. 24-05148 | Galaxy Ltd |
| Adv. Proc. No. 24-05150 | Jialin Qin |
| Adv. Proc. No. 24-05151 | Li Sho Yo |
| Adv. Proc. No. 24-05153 | Ming Ni |
| Adv. Proc. No. 24-05155 | Hayashi Meiou |
| Adv. Proc. No. 24-05156 | 12476517 Canada Society |
| Adv. Proc. No. 24-05157 | DP Textile & Apparel Inc |
| Adv. Proc. No. 24-05160 | LA International Foundation |
| Adv. Proc. No. 24-05164 | National Sweepstakes Company, LLC |
| Adv. Proc. No. 24-05165 | Oxford Visionary Ltd. |
| Adv. Proc. No. 24-05166 | Chris Lee |
| Adv. Proc. No. 24-05169 | D&D Solutions LLC |
| Adv. Proc. No. 24-05170 | The Gertz File Investigative Reporting Project Inc |
| Adv. Proc. No. 24-05173 | Wenhua Gong |
| Adv. Proc. No. 24-05174 | SGB Packaging |
| Adv. Proc. No. 24-05176 | Luminescence Co Ltd |
| Adv. Proc. No. 24-05177 | Xiaobo He |
| Adv. Proc. No. 24-05180 | Richmond Strategic Advisor |
| Adv. Proc. No. 24-05191 | Deng Qian |
| Adv. Proc. No. 24-05193 | Fiesta Investments Ltd |
| Adv. Proc. No. 24-05195 | Shujuan Milne |
| Adv. Proc. No. 24-05197 | Great Lakes Drone Company |
| Adv. Proc. No. 24-05198 | G-Service LLC |
| Adv. Proc. No. 24-05205 | Marini Pietrantoni Muniz LLC |
| Adv. Proc. No. 24-05210 | Jiayao Gan |
| Adv. Proc. No. 24-05215 | Bradley Staple, dba Staples Building Solutions |
| Adv. Proc. No. 24-05217 | Haisong Peng |
| Adv. Proc. No. 24-05218 | Hou Yuan Chan |
| Adv. Proc. No. 24-05224 | OSC Orbit Services Company LLC |
| Adv. Proc. No. 24-05227 | Tao Zheng |
| Adv. Proc. No. 24-05230 | Cayuse Government Services |
| Adv. Proc. No. 24-05231 | 9 East 40th Street |
| Adv. Proc. No. 24-05232 | Daihao Zhou |
| Adv. Proc. No. 24-05234 | Lyzon Enterprises Corporation |
| Adv. Proc. No. 24-05235 | Halley Chen CPA Professional Corporation |

2

| Adv. Proc. No. 24-05236 | Feng Yi |
|---|---|
| Adv. Proc. No. 24-05237 | Qiang Hu |
| Adv. Proc. No. 24-05239 | Jianhai Jiao |
| Adv. Proc. No. 24-05240 | Fengjie Ma |
| Adv. Proc. No. 24-05241 | MZC Financial Inc |
| Adv. Proc. No. 24-05242 | Cotton Craft Textiles Intl Trading |
| Adv. Proc. No. 24-05243 | Ihotry Ltd |
| Adv. Proc. No. 24-05244 | Quick-Equip LLC |
| Adv. Proc. No. 24-05245 | RM Auctions Deutschland GmbH |
| Adv. Proc. No. 24-05245 | Qiang Guo |
| Adv. Proc. No. 24-05246 | WA & HF LLC |
| Adv. Proc. No. 24-05248 | Curiosity Corp. |
| Adv. Proc. No. 24-05248 | Flying Colours Corp |
| Adv. Proc. No. 24-05248 | River Valley Operations LLC |
| Adv. Proc. No. 24-05248 | Supreme SG PTE LTD |
| Adv. Proc. No. 24-05248 | Top California Beach Corporation |
| Adv. Proc. No. 24-05248 | Wang's Realty Management Service Inc |
| Adv. Proc. No. 24-05250 | Scarabaeus Wealth Management AG |
| Adv. Proc. No. 24-05251 | LLC Stz Fund No. 1 |
| Adv. Proc. No. 24-05252 | Gettr USA Inc |
| Adv. Proc. No. 24-05253 | Ivy Capital Advisor Limited |
| Adv. Proc. No. 24-05254 | NAV Consulting Inc |
| Adv. Proc. No. 24-05255 | Ziba Limited |
| Adv. Proc. No. 24-05256 | New Mulberry PTE Ltd |
| Adv. Proc. No. 24-05257 | Mishcon de Reya LLP |
| Adv. Proc. No. 24-05258 | Hogan Lovells International LLP |
| Adv. Proc. No. 24-05259 | Top Target General Trading LLC |
| Adv. Proc. No. 24-05260 | GCP Investment Advisors SL |
| Adv. Proc. No. 24-05261 | Starling Bank Ltd. |
| Adv. Proc. No. 24-05262 | Red Team Partners |
| Adv. Proc. No. 24-05263 | G Club Holdco I LLC |
| Adv. Proc. No. 24-05263 | G Club Three |
| Adv. Proc. No. 24-05263 | HAA Group Pty Ltd |
| Adv. Proc. No. 24-05263 | Mountains of Spices Inc |
| Adv. Proc. No. 24-05263 | Omicron Nutraceutical LLC |
| Adv. Proc. No. 24-05263 | Rosy Acme Ventures Limited |
| Adv. Proc. No. 24-05263 | Hong Kong International Funds Investments Limited |
| Adv. Proc. No. 24-05264 | Smaragdos Mamzeris |
| Adv. Proc. No. 24-05265 | Siu Ming Je |
| Adv. Proc. No. 24-05266 | Gong Jianfen |
| Adv. Proc. No. 24-05267 | Khaled Ashafy |
| Adv. Proc. No. 24-05268 | Pure Global Group Limited |
| Adv. Proc. No. 24-05269 | Himalaya Australia Athena Farm Inc. |

| | |
|---|---|
| Adv. Proc. No. 24-05269 | Himalaya Australia PTY Ltd |
| Adv. Proc. No. 24-05269 | Himalaya Boston Mayflower LLC |
| Adv. Proc. No. 24-05269 | Himalaya New World Inc |
| Adv. Proc. No. 24-05269 | Himalaya New York Rock Inc |
| Adv. Proc. No. 24-05269 | Himalaya Shanghai Farm LLC |
| Adv. Proc. No. 24-05269 | Himalaya UK Club |
| Adv. Proc. No. 24-05269 | Himalaya Worldwide SL |
| Adv. Proc. No. 24-05269 | HML Vancouver Sailing Farm Ltd |
| Adv. Proc. No. 24-05269 | Golden Gate Himalaya Farm LLC |
| Adv. Proc. No. 24-05269 | MOS Himalaya Foundation Inc |
| Adv. Proc. No. 24-05269 | UK Himalaya Ltd |
| Adv. Proc. No. 24-05271 | Weihua Li |
| Adv. Proc. No. 24-05271 | Rongrong Li |
| Adv. Proc. No. 24-05271 | Zhang Lin |
| Adv. Proc. No. 24-05271 | Mi Kyung Yang |
| Adv. Proc. No. 24-05271 | Xue Wang |
| Adv. Proc. No. 24-05271 | Yaping Zhang |
| Adv. Proc. No. 24-05271 | Zhixuan Li |
| Adv. Proc. No. 24-05271 | Fanggui Zhu |
| Adv. Proc. No. 24-05271 | Yuechen Lan |
| Adv. Proc. No. 24-05271 | Tian Shu Huang |
| Adv. Proc. No. 24-05271 | Shiying Li |
| Adv. Proc. No. 24-05271 | Cameron Smee |
| Adv. Proc. No. 24-05271 | Roger Smee |
| Adv. Proc. No. 24-05271 | Jianxiao Chen |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Offshore Fund LP |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Onshore Fund LP |
| Adv. Proc. No. 24-05274 | Kin Ming Je |
| Adv. Proc. No. 24-05274 | Sin Ting Rong |
| Adv. Proc. No. 24-05275 | Lamp Capital LLC |
| Adv. Proc. No. 24-05275 | Golden Spring (New York) Ltd |
| Adv. Proc. No. 24-05275 | Greenwich Land LLC |
| Adv. Proc. No. 24-05275 | HCHK Technologies Inc |
| Adv. Proc. No. 24-05275 | HCHK Property Management Inc |
| Adv. Proc. No. 24-05275 | Lexington Property and Staffing Inc |
| Adv. Proc. No. 24-05275 | Leading Shine NY Ltd |
| Adv. Proc. No. 24-05275 | G Club International Limited |
| Adv. Proc. No. 24-05275 | G Club Operations LLC |
| Adv. Proc. No. 24-05275 | G Fashion |
| Adv. Proc. No. 24-05275 | G Fashion Media Group Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Foundation III Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Society IV Inc. |

4

| | |
|---|---|
| Adv. Proc. No. 24-05275 | GFNY Inc |
| Adv. Proc. No. 24-05275 | Anton Development Limited |
| Adv. Proc. No. 24-05275 | Himalaya International Clearing Ltd |
| Adv. Proc. No. 24-05275 | China Golden Spring Group (Hong Kong) Ltd |
| Adv. Proc. No. 24-05275 | GF Italy LLC |
| Adv. Proc. No. 24-05275 | ACA Capital Group Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Investment Management Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Opportunity Fund SPC |
| Adv. Proc. No. 24-05275 | Hamilton Capital Holding Ltd |
| Adv. Proc. No. 24-05275 | Himalaya Currency Clearing Pty Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Financial Group Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Reserves Ltd |
| Adv. Proc. No. 24-05275 | Hudson Diamond NY LLC |
| Adv. Proc. No. 24-05275 | Saraca Media Group Inc |
| Adv. Proc. No. 24-05275 | G Fashion International Limited |
| Adv. Proc. No. 24-05276 | ZYB Associates, LLC d/b/a Law Offices of Yongbing Zhang |
| Adv. Proc. No. 24-05276 | Yongbing Zhang |

5

**EXHIBIT 3-B**

**(Avoidance Claims Subject to Partial Stay)**

| ADV. PROC. NO. | DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05006 | Amazon Web Services |
| Adv. Proc. No. 24-05007 | Blueberry Builders |
| Adv. Proc. No. 24-05011 | E.L.J.M. Consulting LLC |
| Adv. Proc. No. 24-05016 | Imperius International Trad Co Ltd |
| Adv. Proc. No. 24-05019 | Mary Fashion SPA |
| Adv. Proc. No. 24-05021 | Bannon Strategic Advisors Inc |
| Adv. Proc. No. 24-05023 | Studio Cataldi Group SRL |
| Adv. Proc. No. 24-05024 | TT Resources 1 Pty Ltd |
| Adv. Proc. No. 24-05028 | Yuqiang Qin |
| Adv. Proc. No. 24-05028 | Yunfu Jiang |
| Adv. Proc. No. 24-05044 | Teris-Phoenix, LLC |
| Adv. Proc. No. 24-05054 | Style Eyes Inc. d/b/a Ginger Finds |
| Adv. Proc. No. 24-05056 | FFP (BVI) Limited |
| Adv. Proc. No. 24-05057 | Amazon Inc |
| Adv. Proc. No. 24-05057 | Hing Chi Ngok |
| Adv. Proc. No. 24-05057 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05057 | Bernardo Enriquez |
| Adv. Proc. No. 24-05057 | Chunguang Han |
| Adv. Proc. No. 24-05057 | Mei Guo |
| Adv. Proc. No. 24-05058 | Anthem Blue Cross Blue Shield |
| Adv. Proc. No. 24-05059 | Federal Express |
| Adv. Proc. No. 24-05060 | Apple Inc |
| Adv. Proc. No. 24-05060 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05060 | Bernardo Enriquez |
| Adv. Proc. No. 24-05060 | Chunguang Han |
| Adv. Proc. No. 24-05060 | Mei Guo |
| Adv. Proc. No. 24-05065 | A.Z. Bigiotterie S.A.S. DI Zanutto Gabriele & C. |
| Adv. Proc. No. 24-05069 | B&H Foto & Electronics Corp |
| Adv. Proc. No. 24-05069 | Hing Chi Ngok |
| Adv. Proc. No. 24-05069 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05069 | Bernardo Enriquez |
| Adv. Proc. No. 24-05069 | Chunguang Han |
| Adv. Proc. No. 24-05075 | Marcella Monica Falciani |
| Adv. Proc. No. 24-05077 | American Express |
| Adv. Proc. No. 24-05090 | Swans Team Design Inc |
| Adv. Proc. No. 24-05093 | 2 B Packing LLC |
| Adv. Proc. No. 24-05102 | Ocorian Consulting Ltd |
| Adv. Proc. No. 24-05105 | N87 Inc |

| | |
|---|---|
| Adv. Proc. No. 24-05109 | Moran Yacht Management, Inc |
| Adv. Proc. No. 24-05115 | Cloudflare, Inc. |
| Adv. Proc. No. 24-05122 | Indium Software Inc |
| Adv. Proc. No. 24-05125 | Rilievi Group S.R.L. |
| Adv. Proc. No. 24-05133 | Beile Li |
| Adv. Proc. No. 24-05134 | V.X. Cerda & Associates PA |
| Adv. Proc. No. 24-05135 | Liberty Jet Management Corp. |
| Adv. Proc. No. 24-05145 | Manhattan Motorcars, Inc |
| Adv. Proc. No. 24-05154 | Kamel Debeche |
| Adv. Proc. No. 24-05159 | Gold Leaf Consulting Limited |
| Adv. Proc. No. 24-05161 | Mandelli USA, Inc. |
| Adv. Proc. No. 24-05172 | Federal Corporation (Japan) |
| Adv. Proc. No. 24-05188 | Weddle Law PLLC |
| Adv. Proc. No. 24-05189 | TD Avenue (The Diamond Avenue) |
| Adv. Proc. No. 24-05199 | Lawall & Mitchell LLC |
| Adv. Proc. No. 24-05199 | Aaron Mitchell |
| Adv. Proc. No. 24-05203 | Oasis Tech Limited |
| Adv. Proc. No. 24-05206 | Hao Haidong |
| Adv. Proc. No. 24-05223 | G-Translators Pty Ltd |
| Adv. Proc. No. 24-05226 | ACASS Canada Ltd. |
| Adv. Proc. No. 24-05238 | Qiang Guo |
| Adv. Proc. No. 24-05248 | Tut Co Limited |
| Adv. Proc. No. 24-05263 | BSA Strategic Fund I |
| Adv. Proc. No. 24-05271 | Junjie Jiang |

**EXHIBIT 4**

**(List of Avoidance Defendants Not Automatically Subject to Mediation Referral)**

1. ACA Capital Limited
2. Anton Development Limited
3. Bannon Strategic Advisors, Inc.
4. Barnett, Scott
5. Berkeley Rowe Limited
6. BSA Strategic Fund
7. BSA Strategic Fund I
8. Chiesa Shahinian & Giantomasi PC
9. China Golden Spring Group (Hong Kong) Ltd.
10. Debeche, Kamel
11. DiBattista, Anthony
12. Enriquez, Bernardo
13. Federal Corporation
14. Fiesta Investment Ltd. f/k/a Fiesta Property Developments Ltd.
15. G Club Holdco I LLC
16. G Club International Limited
17. G Club Operations LLC
18. G Club Three
19. G Fashion
20. G Fashion International Limited
21. G Fashion Media Group Inc.
22. Gettr USA, Inc.
23. GF Italy, LLC
24. GFNY Inc.
25. Gold Leaf Consulting Limited
26. Golden Gate Himalaya Farm LLC
27. Golden Spring (New York) Limited
28. Greenwich Land LLC
29. GS Security Solutions Inc.
30. G-Service LLC
31. G-Translators Pty Ltd
32. Guo, Mei
33. Guo, Qiang
34. Gypsy Mei Food Services LLC
35. HAA Group Pty Ltd
36. Hadjicharalambous, Alex
37. Hamilton Capital Holding Ltd
38. Hamilton Investment Management Ltd
39. Hamilton Opportunity Fund SPC
40. Han, Chunguang
41. Harcus Parker Limited
42. HCHK Property Management Inc.
43. HCHK Technologies Inc.

1

44. Himalaya Australia Athena Farm Inc.
45. Himalaya Australia PTY Ltd.
46. Himalaya Boston Mayflower LLC
47. Himalaya Currency Clearing Pty Ltd.
48. Himalaya International Clearing Ltd.
49. Himalaya International Financial Group Ltd
50. Himalaya International Reserves Ltd
51. Himalaya New World Inc.
52. Himalaya New York Rock
53. Himalaya Shanghai Farm LLC
54. Himalaya UK Club
55. Himalaya Worldwide LS
56. HML Vancouver Sailing Farm Ltd.
57. Hong Kong International Funds Investments Limited
58. Hudson Diamond NY LLC
59. Je, Kin Ming
60. Krasner, Max
61. Lamp Capital LLC
62. Lawall & Mitchell, LLC
63. Leading Shine NY Limited
64. Lee, Chris
65. Lexington Property and Staffing Inc.
66. Miller, Jason
67. Mitchell, Aaron
68. MOS Himalaya Foundation Inc.
69. Mountains of Spices Inc.
70. Ngok, Hing Chi
71. O.S.C. Orbit II Service Company LLC
72. Omicron Nutraceutical LLC
73. OSC Orbit Service Company LLC
74. Oxford Visionary Ltd.
75. Pillsbury Winthrop Shaw Pittman LLP
76. Rising Sun Capital Ltd.
77. Rong, Sin Ting
78. Rosy Acme Ventures Limited
79. Rule of Law III Foundation Inc.
80. Rule of Law Society IV Inc.
81. Saraca Media Group, Inc.
82. Taurus Fund LLC
83. The Francis Firm PLLC
84. Troutman Pepper Hamilton Sanders LLP
85. UK Himalaya Ltd.
86. V.X. Cerda & Associates P.A.

2

87. Wang, Yanping
88. Warroom Broadcasting & Media Communications LLC
89. Zeisler & Zeisler, P.C.
90. Zhang, Yongbing
91. ZYB & Associates, LLC, d/b/a Law Offices of Yongbing Zhang
91. Any potential Avoidance Defendant that is subject to a stipulated tolling order entered by the Court.

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| | : |
| | : Chapter 11 |
| In re: | : |
| | : Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*,[1] | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |
| | x |
| | |
| LUC A. DESPINS, CHAPTER 11 | Adv. Proc. Nos. 24-05005, 24-05006, 24-05007, |
| TRUSTEE, | 24-05008, 24-05009, 24-05010, 24-05011, 24- |
| | 05012, 24-05013, 24-05014, 24-05015, 24-05016, |
| Plaintiff, | 24-05017, 24-05018, 24-05019, 24-05020, 24- |
| v. | 05021, 24-05022, 24-05023, 24-05024, 24-05025, |
| | 24-05026, 24-05027, 24-05028, 24-05029, 24- |
| | 05030, 24-05031, 24-05032, 24-05033, 24-05034, |
| AVOIDANCE DEFENDANTS | 24-05035, 24-05036, 24-05037, 24-05038, 24- |
| | 05039, 24-05040, 24-05041, 24-05042, 24-05043, |
| Defendants. | 24-05044, 24-05045, 24-05046, 24-05047, 24- |
| | 05048, 24-05049, 24-05050, 24-05051, 24-05052, |
| | 24-05053, 24-05054, 24-05055, 24-05056, 24- |
| | 05057, 24-05058, 24-05059, 24-05060, 24-05061, |
| | 24-05062, 24-05063, 24-05064, 24-05065, 24- |
| | 05066, 24-05067, 24-05068, 24-05069, 24-05070, |
| | 24-05071, 24-05072, 24-05073, 24-05074, 24- |
| | 05075, 24-05076, 24-05077, 24-05078, 24-05079, |
| | 24-05080, 24-05081, 24-05082, 24-05083, 24- |
| | 05084, 24-05085, 24-05086, 24-05087, 24-05088, |
| | 24-05089, 24-05090, 24-05091, 24-05092, 24- |
| | 05093, 24-05094, 24-05095, 24-05096, 24-05097, |
| | 24-05098, 24-05099, 24-05100, 24-05101, 24- |
| (caption continues on next page) | 05102, 24-05102, 24-05103, 24-05104, 24-05105, |
| | 24-05106, 24-05107, 24-05108, 24-05109, 24- |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Formatted: Different first page header

05110, 24-05111, 24-05112, 24-05113, 24-05114, 24-05115, 24-05116, 24-05117, 24-05118, 24-05119, 24-05120, 24-05121, 24-05122, 24-05123, 24-05124, 24-05125, 24-05126, 24-05127, 24-05128, 24-05129, 24-05130, 24-05131, 24-05132, 24-05133, 24-05134, 24-05135, 24-05136, 24-05137, 24-05138, 24-05139, 24-05140, 24-05141, 24-05142, 24-05143, 24-05144, 24-05145, 24-05146, 24-05147, 24-05148, 24-05149, 24-05150, 24-05151, 24-05152, 24-05153, 24-05154, 24-05155, 24-05156, 24-05157, 24-05158, 24-05159, 24-05160, 24-05161, 24-05162, 24-05163, 24-05164, 24-05165, 24-05166, 24-05167, 24-05168, 24-05169, 24-05170, 24-05171, 24-05172, 24-05173, 24-05174, 24-05175, 24-05176, 24-05177, 24-05178, 24-05179, 24-05180, 24-05181, 24-05182, 24-05183, 24-05184, 24-05185, 24-05186, 24-05187, 24-05188, 24-05189, 24-05190, 24-05191, 24-05192, 24-05193, 24-05194, 24-05195, 24-05196, 24-05197, 24-05198, 24-05199, 24-05200, 24-05201, 24-05202, 24-05203, 24-05204, 24-05205, 24-05206, 24-05207, 24-05208, 24-05209, 24-05210, 24-05211, 24-05212, 24-05213, 24-05214, 24-05215, 24-05216, 24-05217, 24-05218, 24-05219, 24-05220, 24-05221, 24-05222, 24-05223, 24-05224, 24-05225, 24-05226, 24-05227, 24-05228, 24-05229, 24-05230, 24-05231, 24-05232, 24-05233, 24-05234, 24-05235, 24-05236, 24-05237, 24-05238, 24-05239, 24-05240, 24-05241, 24-05242, 24-05243, 24-05244, 24-05245, 24-05246, 24-05247, 24-05248, 24-05250, 24-05251, 24-05252, 24-05253, 24-05254, 24-05255, 24-05256, 24-05257, 24-05258, 24-05259, 24-05260, 24-05261, 24-05262, 24-05263, 24-05264, 24-05265, 24-05266, 24-05267, 24-05268, 24-05269, 24-05270, 24-05271, 24-05272, 24-05274, 24-05275

2

92.

**Formatted:** List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.5", Keep with next

**<u>Exhibit C</u>**

**(Track Changes Version of
Second Revised Proposed Order from Prior Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                         :        Chapter 11
:
HO WAN KWOK, *et al.*,[1]                       :        Case No. 22-50073 (JAM)
:
Debtors.                  :        (Jointly Administered)
:
-------------------------------------------------------x

LUC A. DESPINS, CHAPTER 11        Adv. Proc. Nos. 24-05005, 24-05006, 24-05007,
TRUSTEE,                          24-05008, 24-05009, 24-05010, 24-05011, 24-
                                  05012, 24-05013, 24-05014, 24-05015, 24-05016,
                 Plaintiff,       24-05017, 24-05018, 24-05019, 24-05020, 24-
                                  05021, 24-05022, 24-05023, 24-05024, 24-05025,
v.                                24-05026, 24-05027, 24-05028, 24-05029, 24-
                                  05030, 24-05031, 24-05032, 24-05033, 24-05034,
                                  24-05035, 24-05036, 24-05037, 24-05038, 24-
AVOIDANCE DEFENDANTS              05039, 24-05040, 24-05041, 24-05042, 24-05043,
                                  24-05044, 24-05045, 24-05046, 24-05047, 24-
                 Defendants.      05048, 24-05049, 24-05050, 24-05051, 24-05052,
                                  24-05053, 24-05054, 24-05055, 24-05056, 24-
                                  05057, 24-05058, 24-05059, 24-05060, 24-05061,
                                  24-05062, 24-05063, 24-05064, 24-05065, 24-
                                  05066, 24-05067, 24-05068, 24-05069, 24-05070,
                                  24-05071, 24-05072, 24-05073, 24-05074, 24-
                                  05075, 24-05076, 24-05077, 24-05078, 24-05079,
                                  24-05080, 24-05081, 24-05082, 24-05083, 24-
                                  05084, 24-05085, 24-05086, 24-05087, 24-05088,
                                  24-05089, 24-05090, 24-05091, 24-05092, 24-
                                  05093, 24-05094, 24-05095, 24-05096, 24-05097,
                                  24-05098, 24-05099, 24-05100, 24-05101, 24-
                                  05102, 24-05102, 24-05103, 24-05104, 24-05105,
(caption continues on next page)  24-05106, 24-05107, 24-05108, 24-05109, 24-

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

05110, 24-05111, 24-05112, 24-05113, 24-05114,
24-05115, 24-05116, 24-05117, 24-05118, 24-
05119, 24-05120, 24-05121, 24-05122, 24-05123,
24-05124, 24-05125, 24-05126, 24-05127, 24-
05128, 24-05129, 24-05130, 24-05131, 24-05132,
24-05133, 24-05134, 24-05135, 24-05136, 24-
05137, 24-05138, 24-05139, 24-05140, 24-05141,
24-05142, 24-05143, 24-05144, 24-05145, 24-
05146, 24-05147, 24-05148, 24-05149, 24-05150,
24-05151, 24-05152, 24-05153, 24-05154, 24-
05155, 24-05156, 24-05157, 24-05158, 24-05159,
24-05160, 24-05161, 24-05162, 24-05163, 24-
05164, 24-05165, 24-05166, 24-05167, 24-05168,
24-05169, 24-05170, 24-05171, 24-05172, 24-
05173, 24-05174, 24-05175, 24-05176, 24-05177,
24-05178, 24-05179, 24-05180, 24-05181, 24-
05182, 24-05183, 24-05184, 24-05185, 24-05186,
24-05187, 24-05188, 24-05189, 24-05190, 24-
05191, 24-05192, 24-05193, 24-05194, 24-05195,
24-05196, 24-05197, 24-05198, 24-05199, 24-
05200, 24-05201, 24-05202, 24-05203, 24-05204,
24-05205, 24-05206, 24-05207, 24-05208, 24-
05209, 24-05210, 24-05211, 24-05212, 24-05213,
24-05214, 24-05215, 24-05216, 24-05217, 24-
05218, 24-05219, 24-05220, 24-05221, 24-05222,
24-05223, 24-05224, 24-05225, 24-05226, 24-
05227, 24-05228, 24-05229, 24-05230, 24-05231,
24-05232, 24-05233, 24-05234, 24-05235, 24-
05236, 24-05237, 24-05238, 24-05239, 24-05240,
24-05241, 24-05242, 24-05243, 24-05244, 24-
05245, 24-05246, 24-05247, 24-05248, 24-05250,
24-05251, 24-05252, 24-05253, 24-05254, 24-
05255, 24-05256, 24-05257, 24-05258, 24-05259,
24-05260, 24-05261, 24-05262, 24-05263, 24-
05264, 24-05265, 24-05266, 24-05267, 24-05268,
24-05269, 24-05270, 24-05271, 24-05272, 24-
05274, 24-05275, 24-05276

------------------------------------------------------x

2

**~~[~~[SECOND REVISED PROPOSED] AMENDED ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to modify the Court's *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 2578] (the "Avoidance Procedures Order") and thereby modifying the Avoidance Action Procedures to provide for the inclusion of certain procedures governing mediation of Avoidance Actions; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court, including a hearing held April 23, 2024; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[2]      Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

3

2.      The Court hereby orders that the following amended Avoidance Action Procedures

shall govern the Avoidance Actions:

a.      The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous claims under applicable state law (the "Avoidance Actions").

b.      Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form substantially similar to that attached hereto as **Exhibit 1** (the "Avoidance Action Procedures Notice").  The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") together with the Summons and Avoidance Complaint pursuant to Bankruptcy Rule 7004.

c.      Motions affecting multiple Avoidance Actions shall be filed in each applicable Avoidance Action and shall use a caption substantially in the form attached hereto as **Exhibit 2**.

d.      To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint").  Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004.  Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

e.      An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days.  Any such stipulation shall be made in writing and ~~filed~~the Trustee shall file such stipulation or otherwise shall file a notice of the stipulated extension on the docket in the applicable ~~adversary proceeding~~Avoidance Action.  Notwithstanding anything herein to the contrary:

i.      ~~the~~The claims against Avoidance ~~Actions~~Defendants set forth on **Exhibit 3-A** attached hereto (the "Stayed Avoidance ~~Actions~~Claims") shall be

4

stayed pending further order of the Court.  At such time that the stay of the Stayed Avoidance ~~Actions~~Claims is lifted, the Court shall determine whether the Stayed Avoidance ~~Actions~~Claims shall be subject to the Mediation Procedures and set deadlines for Avoidance Defendants in such actions to respond to the Avoidance Complaints.

    ii.    ~~the~~The claims against Avoidance ~~Actions~~Defendants set forth on **Exhibit 3-B** attached hereto (the "Partially Stayed Avoidance ~~Actions~~Claims") shall be stayed pending further order of the Court solely as to any legal or factual issues concerning whether ACA Capital Group Ltd, Anton Development Limited, G Club International Limited, G Club Operations LLC, G Fashion, G Fashion Media Group Inc., GFNY Inc., Hamilton Capital Holding Ltd, Himalaya International Clearing Ltd, Leading Shine ~~NY Ltd~~Limited, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., and Saraca Media Group Inc. were alter-egos of the Debtor and/or whether the property of such entities was property of the Debtor and/or of the Debtor's chapter 11 estate (collectively, the "Stayed Issues"). For the avoidance of doubt, Partially Stayed Avoidance ~~Actions~~Claims shall proceed to mediation to the extent provided by the Mediation Procedures (as defined herein) as to all issues that are not Stayed Issues, *provided, however*, Stayed Issues may also be mediated on a voluntary basis.

    iii.    Upon the filing of any new Avoidance Action, the Trustee may designate claims in such action ~~a~~to be Stayed Avoidance ~~Action~~Claims or ~~a~~Partially Stayed Avoidance ~~Action~~Claims by filing a notice of such designation (a "Stay Designation Notice") in the relevant Avoidance Action.  Any Avoidance Defendant wishing to challenge a Stay Designation Notice shall file a response to such notice in the relevant Avoidance Action within seven (7) days of appearing in same, to which the Trustee may reply within fourteen (14) days of the filing of such response.  Any disputes over a Stay Designation Notice shall be determined by the Court.

f.    In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12~~(b), the Trustee shall have sixty (60) days to respond to such motion.~~, the Trustee shall have sixty (60) days to respond to such motion, *provided, however*, if such a motion is filed with respect to claims that are stayed or with respect to claims that become stayed while such a motion is pending, the Trustee shall have sixty (60) days to respond to such motion following the termination of the stay. An Avoidance Defendant shall have thirty (30) days to reply to any response by the Trustee to a motion filed pursuant to Civil Rule 12.

g.    Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference.  To the extent that a party to an Avoidance

5

Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

h.    As soon as practicable following the Response Date, to the extent that claims in an Avoidance Action are not stayed, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval.  If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order.  If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.  If claims in an Avoidance Action are stayed, the parties as to the stayed claims shall hold the Initial Case Conference as soon as practicable following the termination of the stay and thereafter shall otherwise comply with the foregoing procedure.  Civil Rule 26 (to the extent incorporated by Bankruptcy Rule 7026), District of Connecticut Local Civil Rule 26, and District of Connecticut Local Bankruptcy Rule 7026-1 shall apply to the Avoidance Actions except to the extent that they are expressly modified by this Order or otherwise by order of the Court.  For the avoidance of doubt, the stay effective during Mediation Proceedings shall include all formal discovery but shall not preclude any informal exchange of documents or information on a voluntary basis or as an Assigned Mediator (as defined herein) may direct.

i.    Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown.  Such modification shall be requested by motion filed in the applicable Avoidance Action.

j.    Notwithstanding anything herein to the contrary, the Avoidance Action Procedures shall be subject to the following procedures governing mediation proceedings (the "Mediation Procedures").") as to any Avoidance Defendant that was served with process prior to April 4, 2024:  Upon the appearance of any Avoidance Defendant in an Avoidance Action prior to the expiration of such Avoidance Defendant's deadline to respond to the Trustee's Avoidance Complaint, the Trustee's claims against such Avoidance Defendant in such Avoidance Action shall automatically (and without further order) be referred (the "Mediation Referral") to non-binding mediation proceedings (as set forth herein, the "Mediation Proceedings"), provided, however, no Mediation Referral shall be deemed to have occurred prior to May 15, 2024.  Upon a Mediation Referral, the Avoidance Actionclaims subject to mediation shall be stayed, as to such Avoidance Defendant only (including, without limitation, as to such Avoidance Defendant's obligation to respond to the Avoidance Complaint, or, if any such response is filed, as to any obligation of the Trustee to further respond), pending the conclusion of Mediation Proceedings.  If the Avoidance Defendant appears in the Avoidance Action after the Avoidance Defendant's time to respond to the Avoidance Complaint has expired, no Mediation Referral shall occur except upon a written stipulation by the Trustee and such Avoidance Defendant filed in the Avoidance Action or by order of the Court.  For the avoidance of doubt, the staying of anyclaims in an Avoidance Action as to a particular Avoidance Defendant shall not stay claims in the Avoidance Action as to any other Avoidance Defendant, nor shall the staying

6

of claims in a particular Avoidance Action as against an Avoidance Defendant stay any other claims by the Trustee against such Avoidance Defendant outside of such Avoidance Action (whether in other Avoidance Actions or otherwise). Notwithstanding anything herein to the contrary, no claims by the Trustee against the Avoidance Defendants set forth on the attached **Exhibit 4** shall be subject to a Mediation Referral except upon a stipulation between the Trustee and such Avoidance Defendant or by Order of the Court. To the extent that an Avoidance Defendant was not served with process prior to April 4, 2024, the Trustee may stipulate with such Avoidance Defendant to the application of the Mediation Procedures (with such stipulation to be made in writing and filed in the relevant Avoidance Action), or, following the service of such Avoidance Defendant, the Trustee may file a motion (with notice to the Avoidance Defendant) requesting that the Mediation Procedures apply to such Avoidance Defendant.

k.      United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi") shall oversee all Mediation Proceedings, *provided, however*, mediations shall be conducted by Judge Tancredi or by a mediator from an approved panel of mediators of Avoidance Actions (the "Mediation Panel") if the Trustee determines, in consultation with Judge Tancredi, that it would be beneficial to create such a panel. The members of any Mediation Panel shall be selected by the Trustee in consultation with Judge Tancredi, subject to the Court's approval of the appointment of each such mediator and rates of compensation applicable to same. Such approval shall be requested by the Trustee in the Main Case only by motion filed in accordance with all applicable rules and served on all Avoidance Defendants subject to the Mediation Procedures, and the appointment of a mediator to the Mediation Panel shall become effective upon approval by the Court.

l.      Within fourteen (14) days of any Mediation Referral, the Trustee and the relevant Avoidance Defendant shall jointly contact Judge Tancredi by letter submitted via Judge Tancredi's courtroom deputy briefly (and in a non-argumentative manner) describing the claims at issue and advising regarding their availability to participate in mediation in the following sixty (60) days as well as to whether the mediation session(s) should take place in person or via videoconference. Following receipt of such letter, Judge Tancredi shall assign the Avoidance Action to be mediated by himself or by a member of the Mediation Panel (the "Assigned Mediator") and shall direct that the mediation be conducted in person or via videoconference. Judge Tancredi may order that related Mediation Proceedings (including, where appropriate, where claims are asserted against multiple defendants in a single Avoidance Action) be consolidated.

m.      Alternatively, any Avoidance Defendant that believes that the claims against it should not be subject to mediation may, within fourteen (14) days of the Mediation Referral, file a motion with the Court setting forth good cause to exempt the claims against it from the Mediation Procedures, with notice to the Trustee and Judge Tancredi. No Mediation Proceedings as to such an Avoidance Defendant shall occur pending the Court's determination of such a motion. If the Court grants the motion, the Mediation Proceedings shall be deemed immediately terminated and the Avoidance Defendant shall respond to the Trustee's Avoidance Complaint within thirty (30) days of such termination. If the Court denies the motion, the Trustee and the Avoidance Defendant shall contact Judge Tancredi by letter within fourteen (14) days of such denial pursuant to the procedure set forth in the foregoing paragraph l to obtain an Assigned Mediator.

7

n.      Upon notification of their assignment, the Assigned Mediator shall ~~have an opportunity to~~ determine whether they have any conflicts with respect to the Avoidance ~~Defendant~~Action subject to mediation and, in the event of a conflict, ~~may~~shall abstain from acting in the particular mediation unless such conflict is disclosed to and expressly waived by the Trustee and the Avoidance Defendant.  If the Assigned Mediator abstains, Judge Tancredi shall assign an alternative mediator from the Mediation Panel or shall assign himself to the mediation.  If a party to Mediation Proceedings believes that a conflict of interest precludes the service of the Assigned Mediator, such party may seek the assignment of a different Assigned Mediator by letter submitted to Judge Tancredi via his courtroom deputy (with copies to the opposing party and the Assigned Mediator) or by motion filed with the Court, ~~provided, however, such relief may only be sought~~ within ~~seven (7~~fourteen (14) days of a party's discovery of the basis for seeking such relief.  To the extent that a conflict is disclosed by the Assigned Mediator or timely challenged by a party to a Mediation Proceeding, such Mediation Proceeding shall be suspended pending (a) selection by Judge Tancredi of an alternative mediator to serve as the Assigned Mediator, (b) waiver of the conflict, or (c) the denial of any request for reassignment.

o.      Upon the assignment of the Assigned Mediator, the Trustee and the Avoidance Defendant shall confer with the Assigned Mediator regarding a date for the initial mediation session.  The Assigned Mediator shall schedule the mediation to occur within sixty (60) days of assignment, *provided, however*, upon the consent of the parties and the Assigned Mediator, the mediation session may be scheduled on a later date that is within the deadline to complete Mediation Proceedings set forth in ¶ (t) herein.  If the mediation is to occur in person, the Assigned Mediator shall also select the location of the mediation, *provided, however*, that, unless otherwise agreed by the parties and the Assigned Mediator, any in-person mediation shall occur only within the District of Connecticut or the New York City metropolitan area at (i) the offices of Trustee's counsel, (ii) a facility of the United States Bankruptcy Court for the District of Connecticut, or (iii) the offices of the Assigned Mediator.  The Assigned Mediator shall provide at least twenty-one (21) days' written notice of the first date, time, and place of the mediation (the "Mediation Notice"), which Mediation Notice the Assigned Mediator shall cause to be filed in the relevant Avoidance Action.

p.      Upon consent of the parties at least seven (7) days prior to any scheduled mediation session, the Assigned Mediator may (at their discretion) reschedule such mediation session.  If the Trustee or the relevant Avoidance Defendant seeks to reschedule a mediation session absent the counter-party's or the Assigned Mediator's consent or within seven (7) days ~~of~~prior to the mediation session, such request shall be made by letter to Judge Tancredi via his courtroom deputy and the counter-party and/or Assigned Mediator shall submit any response to Judge Tancredi likewise by letter to his courtroom deputy.  Judge Tancredi will then determine whether the mediation session shall be rescheduled and, if the mediation session was scheduled to occur in less than seven (7) days from the date of the request, whether the Assigned Mediator is entitled to compensation and which party(ies) shall be responsible for same.

q.      All proceedings and writings incident to Mediation Proceedings shall be considered privileged and confidential and subject to all protections of Federal Rule of Evidence 408 and shall not be reported or admitted as evidence for any reason except to prove that a party failed to comply with the Mediation Procedures.  No Assigned Mediator

8

nor Judge Tancredi shall be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Assigned Mediator (including their agents, partners, or employees of their respective law firms or organizations) or Judge Tancredi, *provided, however,* subject to Court order, an Assigned Mediator may be called as a witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with the Mediation Procedures. Any documents provided to the Assigned Mediator by the parties shall be destroyed within thirty (30) days after the filing of the Mediator's Report unless the Assigned Mediator is otherwise ordered by the Court.

  r. The Assigned Mediator shall preside over any mediation sessions with full authority to determine the nature and order of the parties' presentations, and the rules of evidence shall not apply. The Assigned Mediator may implement additional procedures which are reasonable and practical under the circumstances. The Trustee and any Avoidance Defendant that is party to Mediation Proceedings may communicate *ex-parte* with their Assigned Mediator(s) to the extent that their Assigned Mediator(s) deem appropriate. The Trustee and his counsel may communicate *ex-parte* with Judge Tancredi concerning the implementation of these Mediation Procedures, the selection of mediators to the Mediation Panel, the categorization of Avoidance Actions, and/or any recommendations issued by Judge Tancredi to the Court.

  s. The parties to any Mediation Proceedings shall participate in such proceedings as scheduled and presided over by the Assigned Mediator in good faith and with a view toward reaching a consensual resolution. Mediation sessions shall be attended (either in person or, where permitted, by videoconference) by a representative of the Defendant ~~will~~with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as by the Trustee and/or counsel for the Trustee (who must have settlement authority from the Trustee). Assigned Mediators may, in their discretion, request the parties to prepare mediation statements in advance of mediation; unless otherwise instructed by the Assigned Mediator, such mediation statements shall not be shared with the other party to the mediation. The Assigned Mediator may issue further instructions regarding the mediation statements to the parties.

  t. The Assigned Mediator, in the Mediation Notice or in a separate notice that need not be filed, may require the parties to provide to the Assigned Mediator any relevant papers and exhibits, statements of position, and/or settlement proposals. In the Assigned Mediator's discretion, upon notice (which need not be filed), the Assigned Mediator may adjourn a mediation or move a mediation to a different location within those locations authorized by the Mediation Procedures. The Assigned Mediator may also continue a mediation that has been commenced for additional sessions upon the request of the parties to the mediation or if the Assigned Mediator determines that a continuation is in the best interest of the parties, *provided, however,* no Mediation Proceedings shall continue for a period beyond one-hundred-eighty (180) days following the Mediation Referral unless the period to mediate is extended by order of this Court on the request of Judge Tancredi, which request and order shall be filed on the docket in the relevant Avoidance Action. In the event that additional mediation sessions are held beyond the initial mediation session, the Assigned Mediator may, in their discretion, permit that such sessions be held by videoconference.

u.      Unless otherwise agreed or ordered by Judge Tancredi or the Court, the fees and costs of the Assigned Mediator, if any (the "Mediation Fee"), shall be paid equally by the parties to any Mediation Proceedings with the Mediation Fee for the initial mediation session due at least seven (7) days prior to the date such session is scheduled.  Upon a showing that the payment of such amounts constitutes a hardship (submitted in writing with notice to all counter-parties to any Mediation Proceedings), Judge Tancredi or the Court may modify the parties' responsibilities for the Mediation Fee, *provided, however*, such relief shall be sought at least fourteen (14) days before any such Mediation Fee is due to be paid.  If such relief is requested from the Court, it shall be requested in writing filed in the relevant Avoidance Action(s), which may be filed under seal, *provided, however*, the Avoidance Defendant shall provide a copy of any such sealed filing to the Trustee.  Any response by the Trustee to such a sealed filing may likewise be filed under seal with reciprocal notice to the relevant Avoidance Defendant.   The Mediation Fee shall be determined using the rates approved by the Court in connection with the appointment of the members of the Mediation Panel.

v.      Within seven (7) days after the conclusion of the mediation, the Assigned Mediator shall file a report (the "Mediator's Report") in the relevant Avoidance Action indicating whether the parties to the Mediation Proceedings complied with the Mediation Procedures and whether the Mediation Proceedings resulted in a settlement.   The Mediator's Report shall not address the substance of mediation discussions or provide details of any settlement that might be reached.   In addition, in the case of material noncompliance with the Mediation Procedures, an Assigned Mediator may file an interim report (an "Interim Report") in the relevant Avoidance Action advising the Court of such noncompliance.  Where a Mediator's Report or an Interim Report indicates noncompliance with the Mediation Procedures, the Court may (without the filing of a motion by any party) schedule a hearing to consider the appropriateness of sanctions against the noncompliant party.  Such sanctions may include, without limitation, assessing costs of the Mediation Proceedings and/or the opposing party's attorneys' fees against the noncompliant party.  Additionally, in cases of willful, persistent, or egregious noncompliance, the Court may enter a default judgment or dismissal against the party that failed to comply with the Mediation Procedures.   Additionally, if any party to Mediation Proceedings is not attempting to schedule or resolve the mediation in good faith, an opposing party may file a motion for sanctions with the Court.  Litigation with respect to the issuance of sanctions shall not delay the commencement of mediation.   Failure to achieve settlement alone cannot constitute grounds for a finding of "bad faith" or the imposition of sanctions.

w.     If the Mediator's Report indicates that the Mediation Proceedings resulted in a settlement and the settlement requires approval of the Court, the Trustee shall file a motion requesting such approval within thirty (30) days of the issuance of the Mediator's Report.  The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Avoidance Defendant, the Official Committee of Unsecured Creditors, and the United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement.  Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

10

x.    If a Mediator's Report does not indicate a full settlement of the claims between the Trustee and the Avoidance Defendant, the deadline to respond to the Trustee's Avoidance Complaint shall be thirty (30) days from the filing of the Mediator's Report.

y.    Members of the Mediation Panel (if any) shall regularly consult with Judge Tancredi concerning the status of Mediation Proceedings to which they are assigned.  In addition, to facilitate the mediation process and to minimize any burden on Judge Tancredi, the Trustee shall endeavor, in consultation with Judge Tancredi, to devise categories of Avoidance Action claims (whether by amounts of transfers, timing of transfers, alter egos at issue, or otherwise).  Such categorization shall not have any binding effect on any Avoidance Defendants as relates to the merits of claims or defenses in an Avoidance Action. Judge Tancredi may submit reports to the Court regarding the progress of Mediation Proceedings and any recommendations of Judge Tancredi to promote the efficient administration of the Avoidance Actions.  Such reports shall be issued in writing and filed on the docket in the Main Case.  Without limitation, these recommendations may include that certain claims in Avoidance Actions and/or certain categories of claims in Avoidance Actions be stayed for a fixed period prior to commencing one-on-oneparticular Mediation Proceedings.  During the period of such a stay or otherwise, in order to facilitate the exchange of information and to encourage productive negotiations between the Trustee and Avoidance Defendants, Judge Tancredi may schedule informational sessions and/or mediation sessions that include multiple Avoidance Defendants and/or certain categories of Avoidance Defendants.  To the extent that Judge Tancredi recommends staying claims in any Avoidance Actions and/or categories of claims in Avoidance Actions, the Trustee (within seven (7) days of the issuance of such recommendations) shall cause notice of same to be filed in such actions.  Upon a hearingthe applicable actions, and any Avoidance Defendant impacted by such recommended stay may file a written response in its Avoidance Action(s) within seven (7) days of the filing of notice.  Upon a hearing considering Judge Tancredi's recommendations and any timely written response but without need for the filing of a motion, the Court may enter further orders addressing any recommendations issued by Judge Tancredi, including, without limitation, the stay of anyclaims in Avoidance Actions or categories of claims in Avoidance Actions prior to one-on-one mediation.

z.    Notwithstanding anything in the Avoidance Action Procedures to the contrary, these Mediation Procedures may be modified by the Court upon the request of the Trustee or any other party in interest, or as otherwise ordered by the Court (including, without limitation, upon recommendations issued by Judge Tancredi), upon notice issueda motion filed in the Main Case only in accordance with any applicable rules, *provided, however*, the revised Mediation Procedures, upon approval, shall be filed in all Avoidance Actions.

3.    Within seven (7) days of the entry of this Order, the Trustee shall file the Avoidance Action Procedures Notice (in the revised form attached hereto as Exhibit 1) in all Avoidance Actions pending as of the entry of this Order.

11

4.      The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.      To the extent that information in an Avoidance Complaint (or its exhibits) may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to any Avoidance Defendant and its counsel, pursuant to   5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b).  This Order also amends the Protective Order and the P.O. Addendum to permit the Trustee, to the extent provided in the Avoidance Action Procedures, to disclose to any Avoidance Defendant information in an Avoidance Complaint (filed against such defendant) that is designated as highly confidential under the Protective Order or the P.O. Addendum.

6.      Pursuant to District of Connecticut Local Rule of Civil Procedure 5(e), District of Connecticut Local Rule of Bankruptcy Procedure 9077-1, Bankruptcy Rule 9018, and section 107(b) of the Bankruptcy Code, this constitutes an Order of the Court authorizing the sealed filing of Avoidance Complaints and of motions seeking approval of settlements to the extent permitted by the Mediation Procedures.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.      This Order shall be effective immediately upon entry.

**EXHIBIT 1**

**(Form Notice of Applicability of Avoidance Action Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------:
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :    Case No. 22-50073 (JAM)
                                                         :
                        Debtors.                         :    (Jointly Administered)
                                                         :
---------------------------------------------------------:
                                                         :
LUC A. DESPINS, CHAPTER 11                               :
TRUSTEE,                                                 :
                                                         :    Adv. Proceeding No. [_____]
                        Plaintiff,                       :
v.                                                       :
                                                         :
                                                         :
[NAME OF DEFENDANT]                                      :
                                                         :
                        Defendant.                       :
                                                         :
---------------------------------------------------------:

**NOTICE OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES**

PLEASE TAKE NOTICE, that the Amended Order Approving Procedures Applicable to

Avoidance Claim Adversary Proceedings entered by the Bankruptcy Court in the above-captioned

chapter 11 case [ECF No. ___] appended hereto as **Exhibit A**, is hereby made applicable to and

governs this adversary proceeding.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: _____ __, 2024
       New Haven, Connecticut

By:_____

Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(admitted pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(admitted pro hac vice)*
Douglass Barron (admitted *pro hac vice)*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2

**<u>EXHIBIT 2</u>**

**(Caption Applicable to Omnibus Filings)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------:
                                :    Chapter 11

In re:                          :

                                :    Case No. 22-50073 (JAM)

HO WAN KWOK, *et al.*,[1]    :

                                :    (Jointly Administered)

            Debtors.      :

-------------------------------------------------------:    Adv. Proc. Nos. 24-XXXX, 24-XXXX,
                                :    24-XXXX, 24-XXXX, 24-XXXX,

LUC A. DESPINS, CHAPTER 11    :    24-XXXX, 24-XXXX, 24-XXXX, 24-
TRUSTEE,                    :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
                                :    24-XXXX, 24-XXXX, 24-
              Plaintiff,     :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
v.                              :    24-XXXX, 24-XXXX, 24-XXXX, 24-
                                :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
                                :    24-XXXX, 24-XXXX, 24-XXXX, 24-
                                :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
AVOIDANCE DEFENDANTS      :    24-XXXX, 24-XXXX, 24-XXXX, 24-
                                :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
             Defendants.    :    24-XXXX, 24-XXXX, 24-XXXX, 24-
                                :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
                                :    24-XXXX, 24-XXXX, 24-XXXX, 24-
                                :    XXXX, 24-XXXX, 24-XXXX, 24-XXXX,
                                :    24-XXXX, 24-XXXX, 24-XXXX, 24-
                                     XXXX, 24-XXXX, 24-XXXX, 24-
-------------------------------------------------------    XXXX, 24-XXXX, and 24-XXXX

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**EXHIBIT 3-A**

**(Avoidance ~~Actions~~Claims Subject to Stay)**

| ADV. PROC. NO. | FIRST NAMED DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05008 | Boardwalk Motor Imports LLC |
| Adv. Proc. No. 24-05009 | Mercantile Bank International Corp. |
| Adv. Proc. No. 24-05012 | Ogier |
| Adv. Proc. No. 24-05014 | Pillsbury Winthrop Shaw Pittman LLP |
| Adv. Proc. No. 24-05017 | Post Oak ~~Motor Cars~~Motors, LLC |
| ~~Adv. Proc. No. 24-05020~~ | ~~Slaughter Law Group PC~~ |
| Adv. Proc. No. 24-05022 | FAM United LLC |
| Adv. Proc. No. 24-05026 | Yieldesta LP |
| Adv. Proc. No. 24-05029 | Great Bowery Inc dba Camilla Lowther Management |
| ~~Adv. Proc. No. 24-05030~~ | ~~Vision Knight Capital (China) Fund~~ |
| Adv. Proc. No. 24-05032 | Hugga LLC |
| Adv. Proc. No. 24-05037 | Triple2 Digital LLC |
| Adv. Proc. No. 24-05038 | ~~D4.Zero~~D4Zero S.R.L. |
| Adv. Proc. No. 24-05041 | CFG Global Limited |
| Adv. Proc. No. 24-05043 | Loro Piana S.P.A. |
| Adv. Proc. No. 24-05045 | The Quinlan Law Firm, LLC |
| Adv. Proc. No. 24-05046 | Janco SRL |
| Adv. Proc. No. 24-05050 | Oro Mont Alpi SRL |
| Adv. Proc. No. 24-05051 | Mindy Wechsler |
| Adv. Proc. No. 24-05052 | MF19 Inc |
| ~~Adv. Proc. No. 24-05056~~ | ~~FFP (BVI) Limited~~ |
| Adv. Proc. No. 24-05068 | Caribe Condado, LLC |
| Adv. Proc. No. 24-05080 | Reinhard Plank ~~SRL~~S.R.L. |
| ~~Adv. Proc. No. 24-05083~~ | ~~UK Import Services Limited~~ |
| Adv. Proc. No. 24-05084 | Tavares Cutting Inc |
| Adv. Proc. No. 24-05087 | Mosaicon Shoes SRL |
| Adv. Proc. No. 24-05088 | Tokyoseiki Co, LTD |
| Adv. Proc. No. 24-05089 | Pellettieri Di Parma SRL |
| Adv. Proc. No. 24-05091 | Shalom B LLC dba Asher Fabric Concepts |
| Adv. Proc. No. 24-05094 | Solazzo Calzature ~~SRL~~S.R.L. |
| Adv. Proc. No. 24-05095 | SOD Stone Offroad Design GmbH |
| Adv. Proc. No. 24-05096 | 1245 Factory Place, LLC |
| Adv. Proc. No. 24-05097 | Liapull S.R.L. |
| ~~Adv. Proc. No. 24-05098~~ | ~~Shing Seung Ankerite Engineering Ltd~~ |
| Adv. Proc. No. 24-05099 | American Arbitration Association, Inc. |
| Adv. Proc. No. 24-05104 | Ice24 SRO |
| Adv. Proc. No. 24-05106 | ~~REACH MFG~~Reach Manufacturing, LLC |
| Adv. Proc. No. 24-05111 | DNM Beauty Distribution |
| Adv. Proc. No. 24-05113 | 1322089 ~~BC Ltd~~B.C. L.T.D. |
| Adv. Proc. No. 24-05116 | Hilton Management, LLC |

| Adv. Proc. No. 24-05118 | J Tan Jewelry Design, Inc. |
| Adv. Proc. No. 24-05121 | Shaylen Music LLC |
| Adv. Proc. No. 24-05123 | Bestview1 Pty Ltd |
| Adv. Proc. No. 24-05124 | Legends OWO LLC |
| Adv. Proc. No. 24-05127 | Waycap SPAS.P.A. |
| Adv. Proc. No. 24-05129 | Fay Ye |
| Adv. Proc. No. 24-05131 | Lawrence River |
| Adv. Proc. No. 24-05136 | ASAP SRL |
| Adv. Proc. No. 24-05137 | Bellerive Attorneys at Law |
| Adv. Proc. No. 24-05139 | Houston Litstar LLC |
| Adv. Proc. No. 24-05140 | Quinones Law PLLC |
| Adv. Proc. No. 24-05142 | Immobiliara Barbara 2000 SRL |
| Adv. Proc. No. 24-05143 | Dream Projects LLC |
| Adv. Proc. No. 24-05146 | Fortnum Information Security Limited |
| Adv. Proc. No. 24-05148 | Galaxy Ltd |
| Adv. Proc. No. 24-05150 | Jialin Qin |
| Adv. Proc. No. 24-05151 | Li Sho Yo |
| Adv. Proc. No. 24-05153 | Ming Ni |
| Adv. Proc. No. 24-05155 | Hayashi Meiou |
| Adv. Proc. No. 24-05156 | 12476517 Canada Society |
| Adv. Proc. No. 24-05157 | DP Textile & Apparel Inc |
| Adv. Proc. No. 24-05160 | LA International Foundation |
| Adv. Proc. No. 24-05164 | National Sweepstakes Company, LLC |
| Adv. Proc. No. 24-05165 | Oxford Visionary Ltd. |
| Adv. Proc. No. 24-05166 | Chris Lee |
| Adv. Proc. No. 24-05169 | D&D Solutions LLC |
| Adv. Proc. No. 24-05170 | The Gertz File Investigative Reporting Project Inc |
| Adv. Proc. No. 24-05173 | Wenhua Gong |
| Adv. Proc. No. 24-05174 | SGB Packaging |
| Adv. Proc. No. 24-05176 | Luminescence Co Ltd |
| Adv. Proc. No. 24-05177 | Xiaobo He |
| Adv. Proc. No. 24-05180 | Richmond Strategic Advisor |
| Adv. Proc. No. 24-05183 | Reverence Capital Partners Opportunities Fund I (Cayman) LP |
| Adv. Proc. No. 24-05191 | Deng Qian |
| Adv. Proc. No. 24-05193 | Fiesta Investments Ltd |
| Adv. Proc. No. 24-05195 | Shujuan Milne |
| Adv. Proc. No. 24-05197 | Great Lakes Drone Company |
| Adv. Proc. No. 24-05198 | G-Service LLC |
| Adv. Proc. No. 24-05205 | Marini Pietrantoni Muniz LLC |
| Adv. Proc. No. 24-05210 | Jiayao Gan |
| Adv. Proc. No. 24-05212 | Michael Li and Co |
| Adv. Proc. No. 24-05213 | GPS McQuhae LLP |

2

| | |
|---|---|
| Adv. Proc. No. 24-05215 | Bradley Staple, dba Staples Building Solutions |
| Adv. Proc. No. 24-05217 | Haisong Peng |
| Adv. Proc. No. 24-05218 | Hou Yuan Chan |
| Adv. Proc. No. 24-05224 | OSC Orbit Services Company LLC |
| Adv. Proc. No. 24-05227 | Tao Zheng |
| Adv. Proc. No. 24-05230 | Cayuse Government Services |
| Adv. Proc. No. 24-05231 | 9 East 40th Street |
| Adv. Proc. No. 24-05232 | Daihao Zhou |
| ~~Adv. Proc. No. 24-05233~~ | ~~Brune Law PC~~ |
| Adv. Proc. No. 24-05234 | Lyzon Enterprises Corporation |
| Adv. Proc. No. 24-05235 | Halley Chen CPA Professional Corporation |
| Adv. Proc. No. 24-05236 | Feng Yi |
| Adv. Proc. No. 24-05237 | Qiang Hu |
| Adv. Proc. No. 24-05239 | Jianhai Jiao |
| Adv. Proc. No. 24-05240 | Fengjie Ma |
| Adv. Proc. No. 24-05241 | MZC Financial Inc |
| Adv. Proc. No. 24-05242 | Cotton Craft Textiles Intl Trading |
| Adv. Proc. No. 24-05243 | Ihotry Ltd |
| Adv. Proc. No. 24-05244 | Quick-Equip LLC |
| Adv. Proc. No. 24-05245 | RM Auctions Deutschland GmbH~~, et al.~~ |
| Adv. Proc. No. 24-05245 | Qiang Guo |
| Adv. Proc. No. 24-05246 | WA & HF LLC |
| Adv. Proc. No. 24-05248 | Curiosity Corp~~, et al.~~ |
| Adv. Proc. No. 24-05248 | Flying Colours Corp |
| Adv. Proc. No. 24-05248 | River Valley Operations LLC |
| Adv. Proc. No. 24-05248 | Supreme SG PTE LTD |
| Adv. Proc. No. 24-05248 | Top California Beach Corporation |
| Adv. Proc. No. 24-05248 | Wang's Realty Management Service Inc |
| Adv. Proc. No. 24-05250 | Scarabaeus Wealth Management AG |
| Adv. Proc. No. 24-05251 | LLC Stz Fund No. 1 |
| Adv. Proc. No. 24-05252 | Gettr USA Inc |
| Adv. Proc. No. 24-05253 | Ivy Capital Advisor Limited |
| Adv. Proc. No. 24-05254 | NAV Consulting Inc |
| Adv. Proc. No. 24-05255 | Ziba Limited |
| Adv. Proc. No. 24-05256 | New Mulberry PTE Ltd |
| Adv. Proc. No. 24-05257 | Mishcon de Reya LLP |
| Adv. Proc. No. 24-05258 | Hogan Lovells International LLP |
| Adv. Proc. No. 24-05259 | Top Target General Trading LLC |
| Adv. Proc. No. 24-05260 | GCP Investment Advisors SL |
| Adv. Proc. No. 24-05261 | Starling Bank Ltd, |
| Adv. Proc. No. 24-05262 | Red Team Partners |
| Adv. Proc. No. 24-05263 | G Club Holdco I LLC |
| Adv. Proc. No. 24-05263 | G Club Three |

3

| | |
|---|---|
| Adv. Proc. No. 24-05263 | HAA Group Pty Ltd |
| Adv. Proc. No. 24-05263 | Mountains of Spices Inc |
| Adv. Proc. No. 24-05263 | Omicron Nutraceutical LLC |
| Adv. Proc. No. 24-05263 | Rosy Acme Ventures Limited |
| Adv. Proc. No. 24-05263 | Hong Kong International Funds Investments Limited |
| Adv. Proc. No. 24-05264 | Smaragdos Mamzeris |
| Adv. Proc. No. 24-05265 | Siu Ming Je |
| Adv. Proc. No. 24-05266 | Gong Jianfen |
| Adv. Proc. No. 24-05267 | Khaled Ashafy |
| Adv. Proc. No. 24-05268 | Pure Global Group Limited |
| Adv. Proc. No. 24-05269 | Himalaya Australia Athena Farm Inc, et al. |
| Adv. Proc. No. 24-05269 | Himalaya Australia PTY Ltd |
| Adv. Proc. No. 24-05269 | Himalaya Boston Mayflower LLC |
| Adv. Proc. No. 24-05269 | Himalaya New World Inc |
| Adv. Proc. No. 24-05269 | Himalaya New York Rock Inc |
| Adv. Proc. No. 24-05269 | Himalaya Shanghai Farm LLC |
| Adv. Proc. No. 24-05269 | Himalaya UK Club |
| Adv. Proc. No. 24-05269 | Himalaya Worldwide SL |
| Adv. Proc. No. 24-05269 | HML Vancouver Sailing Farm Ltd |
| Adv. Proc. No. 24-05269 | Golden Gate Himalaya Farm LLC |
| Adv. Proc. No. 24-05269 | MOS Himalaya Foundation Inc |
| Adv. Proc. No. 24-05269 | UK Himalaya Ltd |
| Adv. Proc. No. 24-05271 | Weihua Li |
| Adv. Proc. No. 24-05271 | Rongrong Li |
| Adv. Proc. No. 24-05271 | Zhang Lin |
| Adv. Proc. No. 24-05271 | Mi Kyung Yang |
| Adv. Proc. No. 24-05271 | Xue Wang |
| Adv. Proc. No. 24-05271 | Yaping Zhang |
| Adv. Proc. No. 24-05271 | Zhixuan Li |
| Adv. Proc. No. 24-05271 | Fanggui Zhu |
| Adv. Proc. No. 24-05271 | Yuechen Lan |
| Adv. Proc. No. 24-05271 | Tian Shu Huang |
| Adv. Proc. No. 24-05271 | Shiying Li |
| Adv. Proc. No. 24-05271 | Cameron Smee |
| Adv. Proc. No. 24-05271 | Roger Smee |
| Adv. Proc. No. 24-05271 | Jianxiao Chen |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Offshore Fund LP, |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Onshore Fund LP |
| Adv. Proc. No. 24-05274 | Kin Ming Je |
| Adv. Proc. No. 24-05274 | Sin Ting Rong |
| Adv. Proc. No. 24-05275 | Lamp Capital LLC, et al. |
| Adv. Proc. No. 24-05275 | Golden Spring (New York) Ltd |

4

| | |
|---|---|
| Adv. Proc. No. 24-05275 | Greenwich Land LLC |
| Adv. Proc. No. 24-05275 | HCHK Technologies Inc |
| Adv. Proc. No. 24-05275 | HCHK Property Management Inc |
| Adv. Proc. No. 24-05275 | Lexington Property and Staffing Inc |
| Adv. Proc. No. 24-05275 | Leading Shine NY Ltd |
| Adv. Proc. No. 24-05275 | G Club International Limited |
| Adv. Proc. No. 24-05275 | G Club Operations LLC |
| Adv. Proc. No. 24-05275 | G Fashion |
| Adv. Proc. No. 24-05275 | G Fashion Media Group Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Foundation III Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Society IV Inc. |
| Adv. Proc. No. 24-05275 | GFNY Inc |
| Adv. Proc. No. 24-05275 | Anton Development Limited |
| Adv. Proc. No. 24-05275 | Himalaya International Clearing Ltd |
| Adv. Proc. No. 24-05275 | China Golden Spring Group (Hong Kong) Ltd |
| Adv. Proc. No. 24-05275 | GF Italy LLC |
| Adv. Proc. No. 24-05275 | ACA Capital Group Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Investment Management Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Opportunity Fund SPC |
| Adv. Proc. No. 24-05275 | Hamilton Capital Holding Ltd |
| Adv. Proc. No. 24-05275 | Himalaya Currency Clearing Pty Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Financial Group Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Reserves Ltd |
| Adv. Proc. No. 24-05275 | Hudson Diamond NY LLC |
| Adv. Proc. No. 24-05275 | Saraca Media Group Inc |
| Adv. Proc. No. 24-05275 | G Fashion International Limited |
| Adv. Proc. No. 24-05276 | ZYB Associates, LLC d/b/a Law Offices of Yongbing Zhang |
| Adv. Proc. No. 24-05276 | Yongbing Zhang |

**Formatted:** English (United States)

**EXHIBIT 3-B**

**(Avoidance ~~Actions~~Claims Subject to Partial Stay)**

| ADV. PROC. NO. | FIRST NAMED DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05006 | AWS (Amazon Web Services) |
| Adv. Proc. No. 24-05007 | Blueberry Builders |
| Adv. Proc. No. 24-05011 | E.L.J.M. Consulting LLC |
| Adv. Proc. No. 24-05016 | Imperius International Trad Co Ltd |
| Adv. Proc. No. 24-05019 | Mary Fashion SPA |
| Adv. Proc. No. 24-05021 | Bannon Strategic Advisors Inc |
| Adv. Proc. No. 24-05023 | Studio Cataldi Group SRL |
| Adv. Proc. No. 24-05024 | TT Resources 1 Pty Ltd |
| Adv. Proc. No. 24-05028 | Yuqiang Qin & Yunfu Jiang |
| Adv. Proc. No. 24-05028 | Yunfu Jiang |
| Adv. Proc. No. 24-05044 | Teris Phoenix, LLC |
| Adv. Proc. No. 24-05054 | Style Eyes Inc. d/b/a Ginger Finds |
| Adv. Proc. No. 24-05056 | FFP (BVI) Limited |
| Adv. Proc. No. 24-05057 | Amazon Inc |
| Adv. Proc. No. 24-05057 | Hing Chi Ngok |
| Adv. Proc. No. 24-05057 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05057 | Bernardo Enriquez |
| Adv. Proc. No. 24-05057 | Chunguang Han |
| Adv. Proc. No. 24-05057 | Mei Guo |
| Adv. Proc. No. 24-05058 | Anthem Blue Cross Blue Shield |
| Adv. Proc. No. 24-05059 | Federal Express |
| Adv. Proc. No. 24-05060 | Apple Inc |
| Adv. Proc. No. 24-05060 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05060 | Bernardo Enriquez |
| Adv. Proc. No. 24-05060 | Chunguang Han |
| Adv. Proc. No. 24-05060 | Mei Guo |
| Adv. Proc. No. 24-05065 | A.Z. Bigiotterie S.A.S. DI Zanutto Gabriele & C. |
| Adv. Proc. No. 24-05069 | B&H Photo Foto & Electronics Corp |
| Adv. Proc. No. 24-05069 | Hing Chi Ngok |
| Adv. Proc. No. 24-05069 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05069 | Bernardo Enriquez |
| Adv. Proc. No. 24-05069 | Chunguang Han |
| Adv. Proc. No. 24-05075 | Marcella Monica Falciani |
| Adv. Proc. No. 24-05077 | American Express |
| Adv. Proc. No. 24-05081 | Victor Oasis Consultancy Limited |
| Adv. Proc. No. 24-05090 | Swans Team Design Inc |
| Adv. Proc. No. 24-05093 | 2 B Packing LLC |
| Adv. Proc. No. 24-05102 | Ocorian Consulting Ltd |

| | |
|---|---|
| Adv. Proc. No. 24-05105 | N87 Inc |
| Adv. Proc. No. 24-05109 | Moran Yacht Management, Inc |
| Adv. Proc. No. 24-05115 | Cloudflare, Inc. |
| Adv. Proc. No. 24-05122 | Indium Software Inc |
| Adv. Proc. No. 24-05125 | Rilievi Group SRLS.R.L. |
| Adv. Proc. No. 24-05133 | Beile Li |
| Adv. Proc. No. 24-05134 | V.X. Cerda & Associates PA |
| Adv. Proc. No. 24-05135 | Liberty Jet Management Corp. |
| Adv. Proc. No. 24-05145 | Manhattan Motorcars, Inc |
| Adv. Proc. No. 24-05152 | Troutman Pepper Hamilton Sanders LLP |
| Adv. Proc. No. 24-05154 | Kamel Debeche |
| Adv. Proc. No. 24-05159 | Gold Leaf Consulting Limited |
| Adv. Proc. No. 24-05161 | Mandelli USA, Inc. |
| Adv. Proc. No. 24-05163 | Harcus Parker Limited |
| Adv. Proc. No. 24-05172 | Federal Corporation (Japan) |
| Adv. Proc. No. 24-05175 | Lau Lai Chun Annie |
| Adv. Proc. No. 24-05178 | Super Star Project Limited |
| Adv. Proc. No. 24-05179 | Rising Sun Capital Ltd |
| Adv. Proc. No. 24-05188 | Berkeley Rowe Ltd |
| Adv. Proc. No. 24-05188 | Weddle Law PLLC |
| Adv. Proc. No. 24-05189 | TD Avenue (The Diamond Avenue) |
| Adv. Proc. No. 24-05199 | Lawall & Mitchell LLC |
| Adv. Proc. No. 24-05199 | Aaron Mitchell |
| Adv. Proc. No. 24-05203 | Oasis Tech Limited |
| Adv. Proc. No. 24-05204 | G4S Security Systems (Hong Kong) Ltd |
| Adv. Proc. No. 24-05206 | Hao Haidong |
| Adv. Proc. No. 24-05221 | Gypsy Mei Food Services LLC |
| Adv. Proc. No. 24-05223 | G-Translators Pty Ltd |
| Adv. Proc. No. 24-05225 | Cirrus Design Corporation |
| Adv. Proc. No. 24-05226 | ACASS Canada Ltd. |
| Adv. Proc. No. 24-05238 | Qiang Guo |
| Adv. Proc. No. 24-05248 | Tut Co Limited |
| Adv. Proc. No. 24-05263 | BSA Strategic Fund I, et at. |
| Adv. Proc. No. 24-05271 | Junjie JiangWeihua Li, et at. |

2

**<u>EXHIBIT 4</u>**

**(List of Avoidance Defendants Not Automatically Subject to Mediation Referral)**

1. ACA Capital Limited
2. Anton Development Limited
3. Bannon Strategic Advisors, Inc.
4. Barnett, Scott
5. Berkeley Rowe Limited
6. BSA Strategic Fund
7. BSA Strategic Fund I
8. Chiesa Shahinian & Giantomasi PC
9. China Golden Spring Group (Hong Kong) Ltd.
10. Debeche, Kamel
11. DiBattista, Anthony
12. Enriquez, Bernardo
13. Federal Corporation
14. Fiesta Investment Ltd. f/k/a Fiesta Property Developments Ltd.
15. G Club Holdco I LLC
16. G Club International Limited
17. G Club Operations LLC
18. G Club Three
19. G Fashion
20. G Fashion International Limited
21. G Fashion Media Group Inc.
22. Gettr USA, Inc.
23. GF Italy, LLC
24. GFNY Inc.
25. Gold Leaf Consulting Limited
26. Golden Gate Himalaya Farm LLC
27. Golden Spring (New York) Limited
28. Greenwich Land LLC
29. GS Security Solutions Inc.
30. G-Service LLC
31. G-Translators Pty Ltd
32. Guo, Mei
33. Guo, Qiang
34. Gypsy Mei Food Services LLC
35. HAA Group Pty Ltd
36. Hadjicharalambous, Alex
37. Hamilton Capital Holding Ltd
38. Hamilton Investment Management Ltd
39. Hamilton Opportunity Fund SPC
40. Han, Chunguang
41. Harcus Parker Limited
42. HCHK Property Management Inc.
43. HCHK Technologies Inc.

44. Himalaya Australia Athena Farm Inc.
45. Himalaya Australia PTY Ltd.
46. Himalaya Boston Mayflower LLC
47. Himalaya Currency Clearing Pty Ltd.
48. Himalaya International Clearing Ltd.
49. Himalaya International Financial Group Ltd
50. Himalaya International Reserves Ltd
51. Himalaya New World Inc.
52. Himalaya New York Rock
53. Himalaya Shanghai Farm LLC
54. Himalaya UK Club
55. Himalaya Worldwide LS
56. HML Vancouver Sailing Farm Ltd.
57. Hong Kong International Funds Investments Limited
58. Hudson Diamond NY LLC
59. Je, Kin Ming
60. Krasner, Max
61. Lamp Capital LLC
62. Lawall & Mitchell, LLC
63. Leading Shine NY Limited
64. Lee, Chris
65. Lexington Property and Staffing Inc.
66. Miller, Jason
67. Mitchell, Aaron
68. MOS Himalaya Foundation Inc.
69. Mountains of Spices Inc.
70. Ngok, Hing Chi
71. O.S.C. Orbit II Service Company LLC
72. Omicron Nutraceutical LLC
73. OSC Orbit Service Company LLC
74. Oxford Visionary Ltd.
75. Pillsbury Winthrop Shaw Pittman LLP
76. Rising Sun Capital Ltd.
77. Rong, Sin Ting
78. Rosy Acme Ventures Limited
79. Rule of Law III Foundation Inc.
80. Rule of Law Society IV Inc.
81. Saraca Media Group, Inc.
82. Taurus Fund LLC
83. The Francis Firm PLLC
84. Troutman Pepper Hamilton Sanders LLP
85. UK Himalaya Ltd.
86. V.X. Cerda & Associates P.A.

2

87. Wang, Yanping
88. Warroom Broadcasting & Media Communications LLC
89. Zeisler & Zeisler, P.C.
90. Zhang, Yongbing
91. ZYB & Associates, LLC, d/b/a Law Offices of Yongbing Zhang
91. 92.	Any potential Avoidance Defendant that is subject to a stipulated tolling order entered by the Court.

3